# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00500-CV

**Marcos Leal and Laura Leal, Appellants**

**v.**

**McDonald's Corporation and McDonald's Restaurants of Texas, Inc.,
both d/b/a McDonald's, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT
### NO. GN203231, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING

## D I S S E N T I N G   O P I N I O N

I respectfully dissent.

When, as here, we review the grant of a summary judgment, we are obligated to examine the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts in the nonmovant's favor. *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005); *see also King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). "The final test for legal sufficiency must always be whether the evidence . . . would enable reasonable and fair-minded people" to differ in their conclusions. *City of Keller*, 168 S.W.3d at 827; *see also Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007). Appellate judges must be vigilant to avoid falling into the trap of concluding that since *they* are reasonable and fair-minded people, their particular view of the circumstantial evidence presented establishes the outer limits of what inferences can reasonably be drawn therefrom.

> At the end of the day, the standards of review are mental constructs that discipline the mass of evidence placed before a reviewing court. When a judge no longer needs strictly to separate out evidence and inferences in favor of the verdict, but may immediately look through the prism of what is "reasonable," it comes much closer to weighing conflicting evidence and inferences, and inquiring into credibility.

W. Wendell Hall and Mark Emery, *The Texas Hold Out: Trends in the Review of Civil and Criminal Jury Verdicts*, 49 S. Tex. L. Rev. 539, 557 (Spring 2008).

Thus, the "more than a scintilla" bar is necessarily a low one: "When the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence, the evidence is no more than a scintilla and, in legal effect, is no evidence. . . . Evidence that is so slight as to make any inference a guess is in legal effect no evidence." *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004).

> Circumstantial evidence may be used to establish any material fact, but it must transcend mere suspicion. The material fact must be reasonably inferred from the known circumstances. By its very nature, circumstantial evidence often involves linking what may be apparently insignificant and unrelated events to establish a pattern. Thus, each piece of circumstantial evidence must be viewed not in isolation, but in light of all the known circumstances.

*Lozano v. Lozano*, 52 S.W.3d 141, 149 (Tex. 2001) (citations and internal quotations omitted). Therefore, as long as the circumstantial evidence, viewed as a whole, rises above naked suspicion or guesswork, it is more than a scintilla.

With this analytical framework, what is the pattern of circumstantial evidence in the present case? The restaurant did not open until 6:00 a.m. One of the morning crew, Jose Perez, was responsible for mopping the floor of the restaurant between 5:30 and 6:00 each day. His supervisor

2

testified, "He had to follow a pretty set schedule." In fact, a book describes all the tasks the maintenance man has to do every morning before the store opens, and he is required to do them "in that exact order every day." Not only was Perez responsible for mopping the floor every day, the record contains deposition testimony that he did mop on the morning Leal slipped:

> Q. (By attorney for McDonald's)    Do you know who cleaned the lobby that morning?
>
> A. (By Laura Leal)    Always the maintenance person cleans it.
>
> Q.    And who was the maintenance person that day?
>
> A.    Always Jose, there is nobody else.
>
> Q.    Each day that you're there when Jose is the maintenance man, is one of his jobs that he mops the lobby?
>
> A.    Yes. First to clean everything and then mop at the end before opening.

Leal fell at 5:45 a.m., during the relatively small window of time that Perez was required to mop. Because the accident occurred before the restaurant had opened, there were no customers in the store, only the morning crew of McDonald's employees. Leal slipped even though she was wearing slip-resistant shoes. As she was getting up, she noticed that the floor was wet. There was nothing else on the floor except the water, and there were no known defects in or problems with the floor.

The majority concludes that the foregoing evidence is not sufficient to raise a reasonable inference that the wet floor was the result of Perez's mopping or some other employee activity. Respectfully, I believe that is too narrow a reading of the concept of "reasonable inference." In my opinion, the circumstantial evidence presented here, viewed as a whole, produces a pattern by

which a conclusion that the wet floor probably did result from mopping would not be a guess and would not be naked suspicion. Based on the standards by which we are required to evaluate the inferences that may reasonably be drawn from such evidence, that is more than a scintilla.

The majority also asserts that the mere fact that the only people in the store at the time Leal fell were McDonald's employees "is no more evidence that they caused the floor to be wet (*e.g.*, by mopping) than it is evidence that the floor was wet due to a plumbing leak or leaking machine." Slip opinion at 6. This appears to be an argument for application of the so-called "equal inference rule." *See City of Keller*, 168 S.W.3d at 813-14. But there are at least two reasons why the equal inference rule is not dispositive here. First, the equal inference rule does not change the "more than a scintilla" legal analysis, as explained by former Chief Justice Phillips in *Lozano*:

> Properly applied, the equal inference rule is but a species of the no evidence rule, emphasizing that when the circumstantial evidence is so slight that any plausible inference is purely a guess, it is in legal effect no evidence. But circumstantial evidence is not legally insufficient merely because more than one reasonable inference may be drawn from it. *If circumstantial evidence will support more than one reasonable inference, it is for the jury to decide which is more reasonable*, subject only to review by the trial court and the court of appeals to assure that such evidence is factually sufficient.

52 S.W.3d at 148 (emphasis added). As set forth above, the circumstantial evidence presented in this case is more than sufficient to make the inference that the water on which Leal slipped came from mopping (or some other employee activity) a reasonable one. Second, the equal inference rule applies only where two reasonable inferences are of precisely equal probability. In the face of the evidence set forth above, it strains credulity to argue that it is equally likely that the water Leal

4

slipped on came from a leaking machine or a plumbing leak, when the record contains no indication whatsoever that the restaurant in question had *ever* had a leaking machine or a plumbing leak.

For the foregoing reasons, I would reverse the trial court's summary judgment and remand the cause for trial.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Waldrop

Filed:   August 5, 2009

5