**Affirmed and Memorandum Opinion filed February 2, 2012.**



In The

# Fourteenth Court of Appeals

## NO. 14-11-00056-CV

## B.Z.B., INC. AND C. MICHAEL ORR, Appellants

### V.

## DONAL S. CLARK, Appellee

**On Appeal from the 10th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 04CV0895**

# MEMORANDUM OPINION

A corporation and one of its shareholders filed a claim against another shareholder alleging that the other shareholder breached a settlement agreement. The claimants alleged that the other shareholder breached the agreement by filing a motion for turnover order, seeking to enforce a judgment. The trial court granted a no-evidence summary judgment and dismissed this claim. The claimants now challenge this summary judgment. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellee Donal S. Clark and appellant C. Michael Orr were equal shareholders of appellant B.Z.B., Inc. and entered into a number of business agreements in 1994. Disputes arose between the parties over several of the business agreements, and B.Z.B., Inc. and Orr (hereinafter collectively, the "BZB Parties") filed suit against Clark. Ultimately, the parties resolved those claims by execution of a settlement agreement in 1998. As part of the settlement, the claims against Clark were dismissed with prejudice and the parties amended the business agreements. Several years later, in 2004, Clark filed suit against the BZB Parties, alleging they had failed to make payments due under an amended promissory note signed by B.Z.B., Inc. and a guaranty agreement signed by Orr. The trial court granted Clark's motion for summary judgment and ordered B.Z.B., Inc., as maker of the note, and Orr, as guarantor, to pay Clark $1,534,774.14 in a judgment rendered in October 2005 (the "2005 Judgment"). The trial court then severed these claims, allowing the judgment to become final and appealable. The BZB Parties appealed the 2005 Judgment. The BZB Parties maintain that in rendering the 2005 Judgment, the trial court erred by not applying an offset of $204,387.74.

The parties participated in mediation and executed a mediated settlement agreement dated May 8, 2006 ("Settlement Agreement"). The Settlement Agreement, in part, reflects the following terms:

- The BZB Parties will execute a deed of trust to be placed on real property in Texas City to secure the payment of the 2005 Judgment.

- The BZB Parties will withdraw and dismiss their appeal of the 2005 Judgment.

- Clark will refrain from enforcing or collecting on the 2005 Judgment so long as the terms of the mediated settlement agreement are met.

- All parties will release any pending litigation claims against one another.

2

According to the record, the court of appeals granted a joint motion to dismiss the BZB Parties' appeal of the 2005 Judgment on June 22, 2006. It is undisputed that after the Settlement Agreement was executed, no other claims were pending.

Clark filed a motion for turnover order on July 22, 2006, seeking to enforce the 2005 Judgment. He alleged that Orr failed to comply with the Settlement Agreement by refusing to sign the deed of trust. The trial court denied the motion. The BZB Parties filed a breach-of-contract counterclaim against Clark, claiming that Clark breached the Settlement Agreement by filing the motion for turnover order.

Clark filed a no-evidence motion for summary judgment on the breach-of-contract claim. He subsequently amended this motion. In both the original and amended motions, Clark asserted that there was no evidence of damages resulting from any breach of the Settlement Agreement. The BZB Parties responded to the no-evidence motion and attached an affidavit of Orr. In addition, the BZB Parties affirmatively moved for summary judgment on the breach-of-contract claim and, in support of the motion, attached Orr's affidavit along with other documents. Both in response to Clark's no-evidence motion and in their own motion seeking summary judgment, the BZB Parties claimed damages of being denied the opportunity to contest the 2005 Judgment on appeal.

Following a hearing on the parties' motions, the trial court granted Clark's amended no-evidence motion, denied the BZB Parties' motion, and rendered a final take-nothing judgment in favor of Clark, which the BZB Parties now appeal. In this appeal, the BZB Parties do not challenge the trial court's denial of their summary-judgment motion.

### ISSUE AND ANALYSIS

In a single issue, the BZB Parties challenge the trial court's order granting summary judgment, claiming that they presented evidence of damages resulting from Clark's alleged breach of the Settlement Agreement. In reviewing a no-evidence

3

summary judgment, we ascertain whether the nonmovant pointed out summary-judgment evidence raising a genuine issue of fact as to the essential elements attacked in the no-evidence motion. *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 206–08 (Tex. 2002). In our de novo review of a trial court's summary judgment, we consider all the evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). The evidence raises a genuine issue of fact if reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary-judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007).

Damages to the claimant resulting from the alleged breach is one of the essential elements of a breach-of-contract claim. *See WTG Gas Processing, L.P. v. ConocoPhillips Co.*, 309 S.W.3d 635, 643 (Tex. App.—Houston [14th Dist.] 2010, pet. denied). In his no-evidence motion, Clark asserted that the BZB Parties had no evidence of damages. In response, the BZB Parties claimed that they sustained damages resulting from the dismissal of the appeal of the 2005 Judgment. The BZB Parties alleged that they would have been entitled to at least $204,387.77 had they successfully prosecuted the appeal of the 2005 Judgment.

The record reflects that, pursuant to the Settlement Agreement, the BZB Parties moved to dismiss their appeal of the 2005 Judgment, and the court of appeals granted this motion on June 22, 2006. One month later, Clark filed the motion for turnover order. There is no summary-judgment evidence showing that (1) the dismissal of the appeal resulted from Clark's filing of a motion for turnover order, or (2) the BZB Parties would have been able to successfully prosecute their appeal had Clark not filed the motion for turnover order. The trial court denied Clark's motion for turnover order, and it took no action to enforce the 2005 Judgment. In their response to Clark's no-evidence motion, the BZB Parties submitted an affidavit of Orr. But the only amounts of damages to

4

which Orr testifies in the affidavit are those allegedly resulting from dismissal of the appeal. Orr alleges that he was entitled to a credit of $204,387.74 for all payments made by B.Z.B., Inc. to Clark, and he asserts that the trial court improperly failed to credit that amount in the 2005 Judgment. Orr states that as a direct result of Clark's breach of the Settlement Agreement, in filing the motion for turnover order, the BZB Parties lost the ability to appeal the 2005 Judgment. Orr also recites a number of payments that the BZB Parties claim to have made to Clark, and Orr claims damages in the amount of $180,020 resulting from dismissal of the appeal. No other exhibits accompanied the BZB Parties' response to Clark's no-evidence motion.

Orr's conclusory statement, that as a direct result of Clark's breach of the Settlement Agreement the BZB Parties lost the right to contest the allegedly erroneous 2005 Judgment, does not raise a genuine fact issue precluding summary judgment. *See Wadewitz v. Montgomery*, 951 S.W.2d 464, 466 (Tex. 1997); *Elizondo v. Krist*, 338 S.W.3d 17, 22 (Tex. App.—Houston [14th Dist.] 2010, pet. filed). A conclusory statement is one that does not provide the underlying facts to support the conclusion. *1001 McKinney Ltd. v. Credit Suisse First Boston Mortgage Capital*, 192 S.W.3d 20, 27 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). The BZB Parties also refer to the following documents: two of the 1994 business agreements, the trial court's October 2005 summary-judgment order, the Settlement Agreement, the BZB Parties' motion to dismiss the appeal, and Clark's motion for a turnover order. But none of these documents support the statements reflected in Orr's affidavit. Orr's statement that the alleged breach of contract resulted in the BZB Parties' loss of their ability to challenge the allegedly erroneous 2005 Judgment is conclusory and does not create a genuine fact issue. *See Wadewitz*, 951 S.W.2d at 466. Under the applicable standard of review, the summary-judgment evidence does not raise a genuine issue of material fact as to whether the BZB Parties sustained damages as a result of the alleged breach of contract. *See City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005). The trial court did not err in

5

granting Clark's no-evidence motion.[1]  *See id.*  Accordingly we overrule the BZB Parties' sole issue.

The trial court's judgment is affirmed.


/s/      Kem Thompson Frost
            Justice


Panel consists of Justices Frost, Seymore, and Jamison.

---

[1] The BZB Parties assert that to hold that their dismissal of the appeal does not amount to recoverable damages would be tantamount to holding that dismissing one's right to appeal has no value. The summary-judgment evidence does not raise a fact issue as to whether the dismissal of the appeal resulted from Clark's filing of the motion for turnover order.  The cases cited by the BZB Parties are not on point.