**GOODYEAR TIRE AND RUBBER COMPANY, Petitioner,**

v.

**Patrick MAYES, Respondent.**

No. 04–0993.

Supreme Court of Texas.

June 15, 2007.

Rehearing Denied Nov. 30, 2007.

Robert C. Scruggs, King, LeBlanc & Bland, P.L.L.C., Houston, for Petitioner.

Valorie W. Davenport, Denise Wells Novotny, Davenport Legal Group, Houston, for Respondent.

PER CURIAM.

■ An appellate court reviewing a summary judgment must consider whether reasonable and fair-minded jurors could differ in their conclusions in light of all of the evidence presented. *See Wal–Mart Stores, Inc. v. Spates,* 186 S.W.3d 566, 568

(Tex.2006); *City of Keller v. Wilson,* 168 S.W.3d 802, 822–24 (Tex.2005). Here, the court of appeals, reversing the trial court's judgment, failed to apply the proper standard of review. We reverse and render judgment that the plaintiff take nothing.

Corte Adams worked as a tire alignment technician for Goodyear at its Bryan, Texas, shop. Adams regularly commuted approximately two hours from his home in Houston to Bryan, worked an eight- to ten-hour shift at the Bryan store, and then commuted approximately two hours home. He used Goodyear vehicles to travel between Bryan and Houston. Occasionally, on his trips to and from Houston, Adams shuttled tires between Goodyear's Bryan store and its Homestead store in Houston. If Adams was able to deliver the tires before the Homestead store closed, he was paid for the trip from Bryan to Houston. If he arrived after the store had closed, Adams would deliver the tires to the Homestead store the next morning before setting out for Bryan, and his workday would begin with the delivery.

On February 26, 1999, Adams left Bryan headed to the Homestead store with a tire delivery. By the time he arrived, the store was closed. Adams then drove to his father's nearby home, with the tires still on the back of the truck. There he ate dinner, drank a few beers, and slept for approximately five hours. A little before 3:00 a.m., Adams left the apartment to purchase cigarettes for his father. On his way to the convenience store, Adams fell asleep at the wheel, crossed the center line into oncoming traffic, and struck head-on a truck driven by Patrick Mayes. Both Mayes and Adams were injured in the collision.

Mayes sued Adams for negligence, negligence per se, and gross negligence, and Goodyear for negligent entrustment and vicarious liability under a respondeat superior theory.[1] The trial court granted Goodyear's motion for summary judgment, severed Mayes's suit against Goodyear from his suit against Adams, and rendered a final take-nothing judgment in favor of Goodyear.

On appeal, a divided court of appeals reversed the trial court's judgment and remanded the case. 144 S.W.3d 50, 58. Assuming all evidence favorable to the nonmovant (Mayes) was true, and indulging every reasonable inference and resolving any doubts in his favor, the court held there existed sufficient evidence to raise a genuine issue of material fact on whether Adams was acting in the course and scope of his employment at the time of the accident. *Id.* at 55–56. The court also held that Mayes presented sufficient evidence to survive summary judgment on his negligent entrustment claim. *Id.* at 57–58. The dissent concluded that the undisputed facts in the case precluded Mayes's claims as a matter of law. 144 S.W.3d at 60 (Jennings, J., dissenting).

An appellate court reviewing a summary judgment must consider all the evidence in the light most favorable to the nonmovant, indulging every reasonable inference in favor of the nonmovant and resolving any doubts against the motion. *Sudan v. Sudan,* 199 S.W.3d 291, 292 (Tex. 2006); *Spates,* 186 S.W.3d at 568. Good-

---

1. Mayes's pleadings do not specifically include a claim for negligent entrustment, but he did not object to Goodyear's characterization of his claims. Further, Mayes argued before the court of appeals that fact issues exist with regard to negligent entrustment. The court of appeals treated his unpleaded claim as having been tried by consent. We treat his unpleaded claim similarly and address the issue of negligent entrustment. *See Roark v. Stallworth Oil & Gas, Inc.,* 813 S.W.2d 492, 495 (Tex.1991) (parties may try an issue by consent in summary judgment proceedings).

year argues the court of appeals erred in finding a genuine issue of material fact as to whether Adams's actions were within the course and scope of his employment when the accident occurred. Generally, a person has no duty to control the conduct of another. *Otis Eng'g Corp. v. Clark,* 668 S.W.2d 307, 309 (Tex.1983). Under the theory of respondeat superior, however, an employer may be vicariously liable for the negligent acts of its employee if the employee's actions are within the course and scope of his employment. *Baptist Mem'l Hosp. Sys. v. Sampson,* 969 S.W.2d 945, 947 (Tex.1998). "[A]n employer is liable for its employee's tort only when the tortious act falls within the scope of the employee's general authority in furtherance of the employer's business and for the accomplishment of the object for which the employee was hired." *Minyard Food Stores, Inc. v. Goodman,* 80 S.W.3d 573, 577 (Tex.2002) (citing *Robertson Tank Lines, Inc. v. Van Cleave,* 468 S.W.2d 354, 357 (Tex.1971)). The employee's acts must be of the same general nature as the conduct authorized or incidental to the conduct authorized to be within the scope of employment. *Minyard Food Stores,* 80 S.W.3d at 577 (citing *Smith v. M Sys. Food Stores, Inc.,* 156 Tex. 484, 297 S.W.2d 112, 114 (1957)). Accordingly, "if an employee deviates from the performance of his duties for his own purposes, the employer is not responsible for what occurs during that deviation." *Minyard Food Stores,* 80 S.W.3d at 577.

■ The summary judgment record contains uncontroverted evidence that Adams awoke at his father's home close to 3:00 a.m., drove the Goodyear truck to a nearby convenience store to purchase his father's cigarettes, and planned to return. It was during this personal errand that Adams fell asleep at the wheel and hit Mayes's truck head-on. Adams's personal errand was not an act in furtherance of his employer's business or for the accomplishment of the object for which he was hired. Evidence that Adams had possession of the Goodyear truck with Goodyear tires on board, had a morning delivery to make, was available via pager twenty-four hours a day, and was not restricted from using the truck for personal business fail to support the requirements of respondeat superior. There is no conflicting evidence or conflicting set of inferences to raise a genuine issue of material fact over whether, at the time of the accident, Adams was acting in furtherance of Goodyear's business or for the accomplishment of the object for which Goodyear hired him. The court of appeals erred in considering only the evidence favorable to Mayes, ignoring undisputed evidence in the record that cannot be disregarded. 144 S.W.3d at 55 ("We, however, must view only the evidence and inferences favorable to Mayes, the non-movant.").

■ As a second independent basis for its judgment, the court of appeals considered "Goodyear's authorization of workers' compensation payments to Adams for the injuries he sustained in the accident" sufficient to raise a genuine issue of material fact as to whether Adams was acting in the course and scope of his employment. 144 S.W.3d at 57. The record does not contain evidence that Goodyear authorized workers' compensation payments for Adams, but only disputed evidence that Adams received workers' compensation checks and that he completed a workers' compensation form. This constitutes evidence that Adams may have received workers' compensation benefits; it is not competent evidence that Adams was acting within the course and scope of his employment at Goodyear at the time of the accident. No reasonable juror could conclude that Goodyear admitted Adams was acting within

the course and scope of his employment based on all of the evidence in this record.

■ Goodyear also argues the court of appeals erred by finding a genuine issue of material fact for Mayes's liability claim under a negligent entrustment theory. To establish liability under this theory, Mayes must show that: (1) Goodyear entrusted the vehicle to Adams; (2) Adams was an unlicensed, incompetent, or reckless driver; (3) at the time of the entrustment, Goodyear knew or should have known that Adams was an unlicensed, incompetent, or reckless driver; (4) Adams was negligent on the occasion in question; and (5) Adams's negligence proximately caused the accident. *See Schneider v. Esperanza Transmission Co.,* 744 S.W.2d 595, 596 (Tex.1987).

■ It is undisputed that Goodyear entrusted its truck to Adams, that Adams was negligent by falling asleep behind the wheel, and that his negligence proximately caused the accident. However, the record contains no evidence that, at the time Goodyear entrusted the vehicle to Adams, Adams was an unlicensed, incompetent, or reckless driver or that Goodyear knew or should have known Adams was an unlicensed, incompetent, or reckless driver. First, there is no dispute that Adams was a licensed driver. Second, the evidence upon which Mayes relies to raise a fact issue regarding Adams's alleged incompetence or recklessness as a driver is insufficient. Mayes claims that the three-year driving record obtained as part of Goodyear's hiring process in 1998 is some evidence that Goodyear knew or should have known that Adams was an incompetent or reckless driver when Goodyear entrusted the vehicle to Adams. The 1998 record includes two citations: one for driving without liability insurance in July 1995 and another for a June 1996 collision in which Adams rear-ended a vehicle at a stoplight. Mayes adds that the only ticket Adams received while driving a Goodyear truck—for exceeding the speed limit by about five miles per hour—also constitutes some evidence that Goodyear knew that Adams was an incompetent or reckless driver. It is undisputed that Adams's only accident in a Goodyear truck was his collision with Mayes. This evidence does not raise a genuine issue of material fact as to whether Adams was, or Goodyear knew or should have known that Adams was, an incompetent or reckless driver at the time Goodyear entrusted him with the truck.

■ The court of appeals suggests that Adams's long work week, lengthy commute, and work schedule raised a fact issue regarding Adams's competence as a driver. The court of appeals explained that Mayes's negligent entrustment claim should survive Goodyear's motion for summary judgment "[b]ecause Adams may have been incompetent to drive because of insufficient sleep, and Goodyear was aware of this possibility." Goodyear's knowledge of Adams's work schedule and his commute, without more, does not raise a fact issue that he was, or that Goodyear knew or should have known that he was, an incompetent driver due to insufficient sleep. The court of appeals erred in reversing summary judgment on the issue of negligent entrustment.

Therefore, we grant Goodyear's petition without hearing oral argument, reverse the court of appeals' judgment, and render that Mayes take nothing against Goodyear. *See* Tex.R.App. P. 59.1.