Opinion issued October 26, 2009



     











In The
Court of Appeals
For The
First District of Texas




NO. 01-08-00673-CV




CARL DOUG DYESS A/N/F A.V., MINOR, Appellant

V.

LEON HARRIS, DONNA L. HARRIS, AND SPAULDING FOR
CHILDREN, Appellees





On Appeal from the 234th District Court
Harris County, Texas
Trial Court Cause No. 2006-59465




CORRECTED DISSENTING OPINION
          My dissenting opinion of October 16, 2009, is withdrawn, and this one
substituted in its place. 
          I dissent. The trial court preemptively usurped the jury’s fact-finding role.
          By the time that U.N. was 10 years old, a number of life’s most twisted
situations had already been visited upon him. His biological father was convicted of
raping his sister. He and his younger brother were placed into the Harrises’ 2,160
square foot foster home. He missed his mother.
          By April 2005, at age thirteen, U.N. was described by Donna Harris as
possessed of “the teenager hormones and he wants to be left alone and by himself
now. . . . he is very moody.” Leon Harris, too, noted U.N.’s maturation and
acknowledged his understanding that thirteen is the age at which boys begin to seek
sexual intercourse. Close to this same period, written reports of Spaulding’s own
foster care coordinator confirm that Leon Harris had walked in on “a boy (who) had
[G.] bent over with both of their underwear down.” As such, Leon Harris had
approximately one year of advance notice that there was an issue with the foster
children under his care acting out sexually.
          Shortly after U.N.’s placement by Spaulding in the Harrises’ home (originally
authorized to house between one and five children), the Harrises built their “dream
home” and were approved to house eight foster children. The extra room to roam
(4,847 square foot/$400,000) also enabled extra payments to the Harrises by
Spaulding for Children. It stands to reason that this increased area also made
supervision of so many children a more far-flung proposition.
          The trial court acknowledged that Dyess’s summary-judgment evidence
included the foster family’s living arrangements, where six to eight children of mixed
ages (infants to the age of 19) and genders lived upstairs from the foster parents. The
trial court also acknowledged that U.N. had “free reign” of the upstairs, where a
group of unrelated boys and girls of varying ages lived, slept, dressed, bathed, etc.,
largely unsupervised.
          Common sense or the most rudimentary familiarity with pubescent, unrelated
boys and girls would dictate that such an arrangement far exceeded mere
foreseeability: it was well-nigh certain to foster activity as innocently exploratory as
“Let’s Play Doctor” and as tragic as the sexual penetration of a little six-year-old girl
by an unquestionably unguided, unsupervised, deeply confused fourteen-year-old boy
beset by “teenager hormones.”
          The trial court’s order granting the motions for traditional summary judgment
recites, “[T]he question is whether it was foreseeable that this specific foster child
would act in such a heinous manner or some generally similar manner.” (Emphasis
added.) Foreseeability, however, requires only that the general danger, not the exact
sequence of events that produced the harm, be foreseeable. Mellon Mortgage Co. v.
Holder, 5 S.W.3d 654, 655 (Tex. 1999). The two-prong test for foreseeability
articulated by the Supreme Court of Texas is (1) that the injury be of such a general
character as might reasonably be anticipated and (2) that the injured party should be
so situated with relation to the wrongful act that injury to him or one similarly
situated might reasonably have been foreseen. Id.
          In order to prevail on their traditional motion for summary judgment on the
element of duty, the Harrises and Spaulding were required to show that there was no
genuine issue of material fact regarding the foreseeability of the risk of harm to A.V. 
See Tex. R. Civ. P. 166a(c); Nixon v. Mr. Prop. Mgmt Co., Inc., 690 S.W.2d 546, 548
(Tex. 1985). Evidence raises a genuine issue of material fact if reasonable and fair-minded jurors could differ in their conclusions in light of all of the evidence
presented. Goodyear Tire & Rubber Co. v. Mayes, 236 S.W.3d 754, 755–58 (Tex.
2007). 
          In light of all of the evidence presented at summary judgment—viewed in the
light most favorable to Dyess, indulging every reasonable inference in his favor, and
resolving any doubts against the Harrises and Spaulding—reasonable and fair-minded
jurors could differ in their conclusions as to whether the risk of harm to A.V. was
foreseeable and, therefore, whether the Harrises and Spaulding had a duty to prevent
the assault by U.N. The rendering of summary judgment was thus improper. I would
sustain Dyess’s issue regarding foreseeability, reverse the trial court’s take-nothing
summary judgment, and remand the case to the trial court for further proceedings.






                                                             Jim Sharp
                                                             Justice

Panel consists of Chief Justice Radack and Justices Sharp and Taft.

Justice Sharp, dissenting.