Opinion filed June 24,
2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00191-CV

                                                    __________

 

                 REX
GEORGE, CATHY GEORGE, JUSTIN McVEY, 

                                    
AND JACEE McVEY, Appellants

 

                                                             V.

 

                   EDWARD
A. PRICE, INDIVIDUALLY AND D/B/A

                         PRICE
DIESEL SERVICE, Appellee



 

                                   On
Appeal from the 32nd District Court

 

                                                            Nolan
County, Texas

 

                                                     Trial
Court Cause No. 18,853

 



 

                                                                  O
P I N I O N

 

            This
suit arises out of a motor vehicle accident between a maintainer (or road
grader) and a fire truck while both were involved in fighting a large grass
fire.  The trial court granted summary judgment for the maintainer’s operator,
Edward A. Price, who argued that he was immune from liability pursuant to Tex. Civ. Prac. & Rem. Code Ann. §
79.003 (Vernon 2005).  We affirm.

I.  Background
Facts

            A
large grass fire broke out near the community of Maryneal, Texas.  Firefighters
requested the use of a maintainer from a local business, and Price agreed to
operate it.  Price drove while his son followed in a pickup with its flashers
on.  A sheriff’s deputy was stopping traffic into Maryneal on Highway 608 west
of town, but he waived Price through.  Price was then directed by firemen on
the scene to head east and cut a fire break along the north side of Highway
608.  Rex George and Justin McVey were operating a Maryneal Volunteer Fire
Department fire truck and were traveling westbound on Highway 608.  George was
driving, and McVey was in the rear manning a hose.  The grass fire spread, and
several tires caught fire.  The resulting smoke was extremely thick.  Price was
unable to see through the smoke, and he stopped the maintainer.  George
traveled a short distance into the smoke before hitting the maintainer head-on. 
Within sixty to ninety seconds of this impact, the fire truck was struck from
the rear by an eighteen-wheeler.  George and McVey were injured in the
collisions, and they filed this suit to recover their damages.[1]


II. 
Issue

            George
and McVey contend that the trial court erred by granting Price’s motion for
summary judgment because they raised a material question of fact on Price’s
liability.  Price’s summary judgment motion raised both traditional and
no-evidence grounds, but the parties agree that we need only consider the
traditional motion.  The standard of review for traditional summary judgment
motions is well settled.  Questions of law are reviewed de novo.  St. Paul
Ins. Co. v. Tex. Dep’t of Transp., 999 S.W.2d 881, 884 (Tex. App.—Austin
1999, pet. denied).  To determine if a fact question exists, we must consider
whether reasonable and fair-minded jurors could differ in their conclusions in
light of all the evidence presented.  Goodyear Tire & Rubber Co. v.
Mayes, 236 S.W.3d 754, 755 (Tex. 2007).  We must consider all the evidence
in the light most favorable to the nonmovant, indulging all reasonable
inferences in favor of the nonmovant, to determine whether the movant proved
that there were no genuine issues of material fact and that it was entitled to
judgment as a matter of law.  Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d
546, 548-49 (Tex. 1985).




III.  Discussion

            Price contends that he
is immune from liability pursuant to Section 79.003.  This statute provides:

            (a) Except
in a case of reckless conduct or intentional, willful, or wanton misconduct, a
person is immune from civil liability for an act or omission that occurs in
giving care, assistance, or advice with respect to the management of an
incident:

 

            (1) that
is a man-made or natural disaster that endangers or threatens to endanger
individuals, property, or the environment; and

 

            (2) in
which the care, assistance, or advice is provided at the request of an
authorized representative of a local, state, or federal agency, including a
fire department, police department, an emergency management agency, and a
disaster response agency.

 

            (b) This
section does not apply to a person giving care, assistance, or advice for or in
expectation of compensation from or on behalf of the recipient of the care,
assistance, or advice in excess of reimbursement for expenses incurred.

 

George and McVey
respond that Price failed to establish his immunity as a matter of law because
they raised a fact issue on whether Price was acting recklessly.

            Section
79.003 does not define “reckless conduct.”  Thus, we use its ordinary meaning. Tex. Gov’t Code Ann. § 312.002 (Vernon
2005).  The supreme court has held that reckless conduct requires proof that a
party knew the relevant facts but did not care about the result.  City of
San Antonio v. Hartman, 201 S.W.3d 667, 672 n.19 (Tex. 2006).  This test is
not satisfied with proof of ordinary negligence or a momentary judgment lapse. 
See City of Pasadena v. Kuhn, 260 S.W.3d 93, 99 (Tex. App.—Houston [1st
Dist.] 2008, no pet.) (interpreting Tex.
Civ. Prac. & Rem. Code Ann. § 101.055(2) (Vernon 2005)).  

The
supreme court has also held that a similar statute covering emergency
personnel, Tex. Transp. Code Ann.
§ 546.005 (Vernon 1999), advances the legislative goal of encouraging emergency
personnel to act swiftly and resolutely while at the same time protecting the
public’s safety to the extent practicable. City of Amarillo v. Martin,
971 S.W.2d 426, 430 (Tex. 1998).  Section 79.003 reflects a similar goal by
adopting a lower standard of care for volunteers than would otherwise apply but
without providing them complete immunity.

It
is undisputed that Price was driving eastbound and was clearing a firebreak on
the north side of Highway 608, that George and McVey were traveling westbound
on 608, and that the smoke was so thick that neither driver saw the other
before the impact.  The parties disagree whether and to what extent Price was
on the highway.  Price testified that he was in the ditch and was using the
edge of the road as a marker.  His front right tire was probably one to one and
one-half feet onto the road, while his right rear tire was on the edge of the
road.  He claimed that both collisions occurred in the ditch.  Conversely,
George and McVey each testified that they were completely within the westbound
lane.  Because we consider the evidence in the light most favorable to George
and McVey, we must assume that Price was at least partially in the westbound
lane.

If
Price was in the westbound lane, George and McVey correctly note that he
violated Tex. Transp. Code Ann. §
545.051 (Vernon 1999) and that courts have found unexcused violations of this
statute negligence per se.  See, e.g., Hoppe v. Hughes, 577 S.W.2d 773,
775 (Tex. Civ. App.—Amarillo 1979, writ ref’d n.r.e.).  George and McVey
recognize that ordinary negligence or negligence per se is insufficient to
establish reckless conduct, but they argue that in this instance Price was
acting recklessly because a reasonable person would recognize the danger
created by driving eastbound in the westbound lane through thick smoke.  This
contention, however, assumes knowledge that the record does not support.

First,
there is no evidence that Price realized he was driving in the westbound lane. 
Price testified that he thought only his front right wheel was on the edge of
the highway because he was using that as his marker.  Everyone agreed that the
smoke was thick and dark.  George has fought grass fires since 1974, and he described
the smoke as as thick as he had ever experienced.  McVey testified that he had
difficulty seeing even the front of their vehicle, let alone beyond.  Second,
there is no evidence that Price was aware of other traffic.  Price testified
that law enforcement officials were stopping traffic coming into Maryneal and
that he assumed they were doing so on both sides of the highway.

The
record also does not support a lack of care.  The decision to cut a firebreak
along the north side of Highway 608 was made by firefighters, not Price.  That
decision is explained by the exigency of the circumstances.  It was unusually windy,
and the fire was beginning to threaten homes in Maryneal.  The fire had already
reached the highway at one place.  In fact, George had decided that fighting
the grass fire was futile, and he and McVey were headed into town to protect
houses.  Price turned on all of the maintainer’s external lights including its
flashers.  When he could no longer see, he stopped.

George
and McVey produced evidence of ordinary negligence, but they failed to produce
any evidence of reckless conduct.  The trial court, therefore, did not err by
granting Price’s motion for summary judgment.  George and McVey’s issue is
overruled.

IV.  Holding

The judgment of
the trial court is affirmed.

 

 

                                                                                    RICK
STRANGE

                                                                                    JUSTICE

 

June 24, 2010

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









                [1]George and McVey also sued Transit Mix Concrete and
Materials Company (the owner of the truck), Ronnie Lynn Rackler (the truck
driver), and Lone Star Industries, Inc. d/b/a Buzzi Unicem USA (the owner of
the maintainer).  Each of these defendants has been dismissed following
settlement agreements.