Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



## MEMORANDUM OPINION

No. 04-10-00291-CV

Gregory **PUENTE**,
Appellant

v.

Jacquelyn **LEONARD**,
Appellee

From the 408th Judicial District Court, Bexar County, Texas
Trial Court No. 2009-CI-04606
Honorable Fred Shannon, Judge Presiding

Opinion by:   Catherine Stone, Chief Justice

Sitting:      Catherine Stone, Chief Justice
           Sandee Bryan Marion, Justice
           Steven C. Hilbig, Justice

Delivered and Filed:  October 13, 2010

AFFIRMED

The issue presented in this appeal is whether Jacquelyn Leonard, a property owner, owed a legal duty to Gregory Puente, an independent contractor. The trial court determined that no duty was owed, and we affirm the trial court's judgment.

### BACKGROUND

Leonard hired Puente to do painting and drywall work as part of a remodeling project at a residence owned by Leonard. Puente fell and injured his knee while he was attempting to paint

the crown molding above some cabinets. In describing the incident, Puente stated that he placed a ladder next to the cabinets. As he ascended the ladder, he saw a piece of plywood on top of the counter that he thought was fastened. Puente put his foot on the plywood to reach above the cabinets, lost his footing on the ladder, and fell to the ground, landing on his knee. Puente did not know who installed the plywood because the cabinets were installed before he went to the job site by whoever Leonard contracted to install the cabinets. Puente stated that Leonard had ordered granite countertops, and she told him that the painting had to be complete before the countertops were installed. Leonard also instructed Puente that no one was to stand on the granite countertops after they were installed.

Puente subsequently sued Leonard, alleging Leonard owed him a duty to exercise ordinary care in keeping the premises in a reasonably safe condition. Leonard moved for summary judgment on the basis that she did not owe any duty to Puente. The trial court granted Leonard's motion, and Puente appeals.

## DISCUSSION

We review the trial court's summary judgment *de novo*. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). Summary judgment is proper only when the movant establishes that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). An appellate court reviewing a summary judgment must consider all the evidence in the light most favorable to the nonmovant, indulging every reasonable inference in favor of the nonmovant and resolving any doubts against the motion. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 756 (Tex. 2007).

Puente first contends that the trial court erred in granting summary judgment because Leonard had a duty to warn him of hazardous conditions. Whether a duty exists is a question of

law for the court. *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 767 (Tex. 2010). "Generally, a landowner is liable to employees of an independent contractor only for claims arising from a pre-existing defect rather than from the contractor's work, and then only if the pre-existing defect was concealed." *General Elec. Co. v. Moritz*, 257 S.W.3d 211, 215 (Tex. 2008). Thus, an owner does have a duty to warn an independent contractor, but only as to concealed, pre-existing hazards that the owner either knows or should have known about. *Id.* In this case, the summary judgment evidence established that the alleged defect that caused Puente's injury was not a pre-existing defect. Instead, Puente testified during his deposition that the plywood was placed by whoever installed the cabinets during the remodeling project. Because the plywood was not a pre-existing condition, Leonard did not have a duty to warn Puente regarding any defect involving the plywood.

Puente next contends that Leonard controlled the manner and means of his work, thereby giving rise to a duty. "Generally, an owner or occupier does not owe a duty to ensure that independent contractors perform their work in a safe manner." *Id*. at 214. "But one who retains a right to control the contractor's work may be held liable for negligence in exercising that right." *Id.* In order for the owner to be liable, the owner must have "the right to control the means, methods, or details of the independent contractor's work to the extent that the independent contractor is not entirely free to do the work his own way." *Ellwood Tex. Forge Corp. v. Jones*, 214 S.W.3d 693, 700 (Tex. App.—Houston [14th Dist.] 2007, pet. denied). "[T]he right to control the work must extend to the 'operative detail' of the contractor's work." *Id.* (quoting *Chi Energy, Inc. v. Urias*, 156 S.W.3d 873, 880 (Tex. App.—El Paso 2005, pet. denied)); *see also Victoria Elec. Co-op, Inc. v. Williams*, 100 S.W.3d 323, 326 (Tex. App.—San Antonio 2002, pet. denied). It is not enough that the owner has the right to order the work to

stop and start or to inspect progress or receive reports. *Ellwood Tex. Forge Corp.*, 214 S.W.3d at 700. It also is not enough that the owner recommends a safe manner for the independent contractor's employees to perform the work. *Dow Chem. Co. v. Bright*, 89 S.W.3d 602, 607 (Tex. 2002); *Ellwood Tex. Forge Corp.*, 214 S.W.3d at 700.

Puente contends that Leonard maintained control of his work because she told him: (1) the room had to be painted before the granite countertops were installed; and (2) no one could stand on the granite countertops after they were installed. These instructions did not, however, extend to the "operative detail" of Puente's work. Leonard did not instruct Puente on how to perform his job. *See R.R. Street & Co. v. Pilgrim Enterprises, Inc.*, 166 S.W.3d 232, 243 (Tex. 2005) (noting no control exercised where subcontractor's employee was not instructed on how to perform his job). Instead, Puente decided how he would perform the job, including the supplies and tools he would use and the means by which he would reach the crown molding. In fact, Puente testified that if a question arose about how to perform a specific detail of his work, he would be the final authority on that question. We also note that it is unlikely that Leonard instructed Puente to complete the painting first as a safety recommendation. Instead, Leonard likely instructed the workers not to stand on the granite countertops after their installation in order to preserve their appearance. Because Leonard did not control the operative details of Puente's work, Leonard did not owe Puente any duty to insure that he performed his work in a safe manner.

## CONCLUSION

The trial court's judgment is affirmed.

Catherine Stone, Chief Justice