



# MEMORANDUM OPINION

No. 04-11-00635-CV

**WELLS FARGO BANK, N.A.**,
Appellant

v.

**ASSOCIATED DEALERS, INC.**, TXAD, Inc., and San Antonio Trailer Company, L.L.C.,
Appellees

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 2011-CI-12692
Honorable Fred Shannon, Judge Presiding

Opinion by:      Catherine Stone, Chief Justice

Sitting:         Catherine Stone, Chief Justice
                 Sandee Bryan Marion, Justice
                 Steven C. Hilbig, Justice

Delivered and Filed:  February 29, 2012

REVERSED AND RENDERED IN PART; REVERSED AND REMANDED

Wells Fargo Bank, N.A. appeals a summary judgment granted in favor of Associated

Dealers, Inc. (ADI), TXAD, Inc., and San Antonio Trailer Company, L.L.C. (SATC). The

summary judgment quieted title in a manufactured home in favor of TXAD, and the trial court

subsequently severed the issues of superior title and lien superiority into a separate cause which

is the subject of this appeal. We reverse the trial court's judgment and render judgment that

Wells Fargo has superior title and lien superiority as against ADI, TXAD, and SATC. We

remand the cause to the trial court for further proceedings, including consideration of any claims for damages or attorney's fees, which are issues on which this court expresses no opinion.

## BACKGROUND

Pursuant to a Dealer Agreement, TXAD, a subsidiary of ADI, delivered manufactured homes to Investacore, Inc., a licensed dealer, to maintain in inventory for sale to purchasers. TXAD is listed as the retailer on the manufacturer's certificate of origin, which states that the manufacturer has transferred the manufactured home to the retailer. General Electric Commercial Distribution Finance Corporation (GE) financed the purchase price for the sale of the manufactured homes from the manufacturer to TXAD, and retained a security interest in the manufactured homes. GE filed a notice of lien with the Texas Department of Housing and Community Affairs – Manufactured Housing Division (Department). GE is not a party in the underlying lawsuit.

In April of 2008, Javier Cardenas entered into an earnest money contract to purchase a manufactured home from Investacore for a purchase price of $100,385.90. Cardenas paid an initial deposit of $30,385.90. Cardenas borrowed the balance due of $70,000 from Wells Fargo, signing a security agreement granting Wells Fargo a security interest in the manufactured home.

Investacore did not deliver the manufactured home to Cardenas or pay TXAD its portion of the purchase price pursuant to their Dealer Agreement. In October of 2008, TXAD entered into a Dealer Agreement with SATC, which took over Investacore's inventory. Investacore eventually filed for bankruptcy protection and is not a party to this appeal.

In October of 2008, Cardenas sued Investacore and ADI. Wells Fargo intervened in the suit, joining TXAD and SATC as third-party defendants. Wells Fargo alleged that Cardenas was in default of his loan, entitling Wells Fargo to possession of the manufactured home. Wells

Fargo also asserted claims for declaratory judgment and conversion against appellees. Wells Fargo alleged that its purchase money security interest had superior lien status and entitled it to the possession of the manufactured home.

Appellees moved for summary judgment, asserting that TXAD possessed superior rights. TXAD claimed it had superior rights because it never assigned or delivered the manufacturer's certificate of origin to the manufactured home to Investacore, and the manufacturer's certificate of origin evidences title. TXAD also claimed that the lien in favor of GE was superior to Wells Fargo's lien. The trial court granted summary judgment in favor of appellees.

## STANDARD OF REVIEW

We review the trial court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). Summary judgment is proper only when the movant establishes that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). An appellate court reviewing a summary judgment must consider all the evidence in the light most favorable to the nonmovant, indulging every reasonable inference in favor of the nonmovant and resolving any doubts against the motion. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 756 (Tex. 2007). When both parties move for summary judgment, and the trial court grants one motion and denies the other, the appellate court considers the summary judgment evidence presented by both sides, determines all questions presented, and, if it determines the trial court erred, renders the judgment the trial court should have rendered. *Valence Operating Co.*, 164 S.W.3d at 661.

## DISCUSSION

Wells Fargo argues that its security interest is superior because Cardenas was a buyer in the ordinary course of business and, therefore, owned the manufactured home free and clear of

any interest of TXAD or GE. Appellees argue that TXAD retained superior title because it continued to hold the manufacturer's certificate of origin and that GE's lien was superior to Wells Fargo's security interest.

The dispute in this case is resolved by the application of the Texas Manufactured Housing Standards Act (TMHSA). Section 1201.207(d) of the TMHSA provides:

> Notwithstanding any other provision of this chapter, if the consumer purchases a new manufactured home from a licensed retailer in the ordinary course of business, whether or not a statement of ownership and location has been issued for the manufactured home, the consumer is a bona fide purchaser for value without notice and is entitled to ownership of the manufactured home free and clear of all liens and to a statement of ownership and location reflecting the same on payment by the consumer of the purchase price to the retailer.

TEX. OCC. CODE ANN. § 1201.207(d) (West Supp. 2011-12). Pursuant to section 1201.207(d), when Cardenas paid Investacore the purchase price for the manufactured home, he obtained ownership of the manufactured home free and clear of any other liens. Therefore, Wells Fargo had the only security interest in the manufactured home after Cardenas's purchase, which gave Wells Fargo superior right to possession and title upon Cardenas's failure to pay his loan. The effect of Cardenas's purchase on GE's lien is further bolstered by section 1209.219(c) of the TMHSA which provides:

> Notwithstanding any other provision of this section or any other law, the filing of a lien security agreement on the inventory of a retailer does not prevent a buyer in the ordinary course of business, as defined by Section 1.201, Business & Commerce Code, from acquiring good and marketable title free of that lien, and the department may not consider that lien for the purpose of title issuance.

*Id*. at § 1201.219(c). Through the application of sections 1201.207(d) and 1201.219(c) of the TMHSA, the law clearly establishes that Cardenas purchased the manufactured home free and clear of GE's lien. Section 1201.207(d) further clarifies that GE's only remaining right is to seek recovery against the retailer, in this case Investacore. *Id*. at § 1201.207(d) ("If there is an

existing lien on the new manufactured home perfected with the department, the owner of the lien is entitled to recover the value of the lien from the retailer."); *see also id.* at § 1201.204(b) ("A security interest in inventory evidenced by a properly recorded finance lien automatically converts to a security interest in proceeds and cash proceeds.").

Section 1201.204(b) addresses TXAD's argument pertaining to its retention of the manufacturer's certificate of origin. S*ee id.* at § 1201.204(b). Section 1201.204(b) provides:

> At the first retail sale of a manufactured home, a manufacturer's certificate automatically converts to a document that does not evidence any ownership interest in the manufactured home described in the document.

*Id*. at § 1201.204(b). Accordingly, upon Cardenas's purchase, the manufacturer's certificate of origin no longer evidenced any right of ownership. *See id.* Although the manufacturer's certificate of origin may not have been delivered to Cardenas, this failure of delivery had no effect on his ownership as section 1201.204(c) of the TMHSA further explains, "Failure to include the original manufacturer's certificate with [an application for an initial statement of ownership] does not impair a consumer's ability to obtain, on submittal of an otherwise complete application, a statement of ownership and location free and clear of any liens other than liens created by and consented to by the consumer." *Id*. at § 1201.204(c).

During oral argument, the attorney for appellees argued that the foregoing statutory provisions are inapplicable to the instant case because the statute is a "consumer statute" and Cardenas, the consumer, is no longer a party to the underlying lawsuit or this appeal. This contention ignores that the statute focuses on the nature of the sales transaction, not the parties to a lawsuit, in determining ownership rights and lien status, and the core statutory provisions expressly state that their provisions control notwithstanding any other provision of the TMHSA or any other law. The Texas Legislature enacted the TMHSA because it determined that existing

statutes and rules were inadequate to protect the consumer. *Id*. at § 1201.002(3)(A) (West 2004). Because Cardenas was a consumer who purchased a manufactured home from a licensed retailer in the ordinary course of business, the provisions of the TMHSA are applicable to the instant case.[1] While Cardenas's absence from the lawsuit does not affect the application of the statute, his absence is disheartening because the TMHSA would have protected his interests had he remained a party and prosecuted his claim.

### CONCLUSION

Because Cardenas purchased a new manufactured home from a licensed retailer in the ordinary course of business, Cardenas obtained ownership of the manufactured home free and clear of all liens other than the lien Cardenas agreed to provide Wells Fargo. Accordingly, Wells Fargo has superior title and lien superiority as against appellees, and the trial court erred in concluding that title should be quieted in favor of TXAD. The trial court's judgment is reversed and judgment is rendered that Wells Fargo has superior title and lien superiority as against ADI, TXAD, and SATC. The cause is remanded to the trial court for further proceedings, including consideration of any claims for damages or attorney's fees, which are issues on which this court expressed no opinion.

Catherine Stone, Chief Justice

---

[1] We note that one of the cases cited by appellees pertaining to the TMHSA is readily distinguishable because the court expressly concluded that the transaction in question did not involve a "first retail sale." *See Pokorne Private Capital Group, LLC v. 21st Mortg. Corp.*, No. 13-06-575-CV, 2008 WL 963296, at \*7 (Tex. App.—Corpus Christi Apr. 10, 2008, pet. denied) (mem. op.). The other cited case is also distinguishable because the consumer in that case purchased the manufactured home from the retailer through a Manufactured Home Retail Installment Contract/Security Agreement giving the dealer, as opposed to a third party lender, a purchase money lien. *W.H.V., Inc. v. Assocs. Housing Fin., LLC*, 43 S.W.3d 83, 86 (Tex. App.—Dallas 2001, pet. denied).