Opinion filed August 31,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00240-CV

                                                    __________

 

                                  JEREMY
MCDANIEL, Appellant

 

                                                             V.

 

            TRIO HOLDINGS,
LLC D/B/A TRIO WIRELESS, Appellee



 

                                   On
Appeal from the 244th District Court

 

                                                             Ector
County, Texas

 

                                                  Trial
Court Cause No. C-126,788

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            Jeremy
McDaniel sued Trio Holdings, LLC d/b/a Trio Wireless as a result of injuries
McDaniel sustained when he was a business invitee on Trio’s premises.  McDaniel
alleged that Trio and its employees were negligent and breached a duty of
reasonable care by failing to make the premises safe.  Trio moved for summary
judgment, asserting that it owed no duty to McDaniel because the criminal act
was unforeseeable.  The trial court granted Trio’s motion for summary judgment
and entered judgment that McDaniel take nothing on his claims against Trio.
McDaniel appeals.  We affirm.  

            In a
single issue on appeal, McDaniel contends that the trial court erred in
granting Trio’s motion for summary judgment.  Trio filed a traditional motion
for summary judgment pursuant to Tex. R.
Civ. P. 166a(c).  Thus, as the moving party, Trio had the burden of
showing that there was no genuine issue as to any material fact and that it was
entitled to judgment as a matter of law.  Rule 166a(c).  To be entitled to
summary judgment, a defendant must either conclusively negate at least one of
the essential elements of each of the plaintiff’s causes of action or con-clusively
establish an affirmative defense.  Frost Nat’l Bank v. Fernandez, 315
S.W.3d 494, 508 (Tex. 2010).  In reviewing a summary judgment, we must consider
all of the evidence in the light most favorable to the nonmovant, indulging
every reasonable inference in favor of the nonmovant and resolving any doubts
against the movant.  Goodyear Tire & Rubber Co. v. Mayes, 236 S.W.3d
754, 756 (Tex. 2007).  We must consider whether reasonable and fair-minded
jurors could differ in their conclusions in light of all of the summary
judgment evidence presented, and we may not ignore undisputed summary judgment
evidence that cannot be disregarded.  Id. at 755, 757.  

            McDaniel’s
contention on appeal is that Trio was not entitled to summary judgment because it
owed a duty to McDaniel pursuant to Del Lago Partners, Inc. v. Smith,
307 S.W.3d 762 (Tex. 2010).  The court in Del Lago addressed the duty
owed to a bar customer to protect him from being assaulted by another bar
customer.  307 S.W.3d at 767.  The court recognized the general law that
whether a duty exists is a question of law for a court, which “turns ‘on a
legal analysis balancing a number of factors, including the risk,
foreseeability, and likelihood of injury, and the consequences of placing the
burden on the defendant.’”  Id. (quoting Gen. Elec. Co. v. Moritz,
257 S.W.3d 211, 218 (Tex. 2008)).  As a general rule, a premises owner has no
duty to protect invitees from criminal acts committed by third parties. Id.;
Timberwalk Apartments, Partners, Inc. v. Cain, 972 S.W.2d 749, 756 (Tex.
1998).  However, a premises owner does have a duty to protect an invitee when
the owner knows or has reason to know of a risk of harm that is unreasonable
and foreseeable.  Del Lago, 307 S.W.3d at 767; Timberwalk, 972
S.W.2d at 756.  The foreseeability of an unreasonable risk of criminal conduct
is a prerequisite to imposing on the owner of a premises a duty of care to
protect others on the premises from the risk.  Timberwalk, 972 S.W.2d at
756.  

In
Timberwalk, a tenant who was raped in her apartment by an intruder sued
her landlord for failing to provide adequate security.  Id. at 751.  The
Timberwalk court set out the following factors that courts “should
consider” when addressing the element of foreseeability: whether any criminal
conduct previously occurred on or near the premises, how recently that conduct
occurred, how often it occurred, how similar was the conduct, and how much
publicity was given to the prior conduct.  Id. at 757.  The supreme
court applied the above factors and held as a matter of law that the landlord
owed no duty to the tenant to provide additional security.  Id. at 759. 


The
court in Del Lago found that the Timberwalk factors were not
applicable in Del Lago because of the nature and character of the
premises, which was a bar located in the conference center of the 300-acre
resort, and because of the immediately preceding conduct in the bar that night,
which made the criminal misconduct foreseeable.  Del Lago, 307 S.W.3d at
765, 768–69.  The court in Del Lago considered that the fight occurred
in a bar at closing time following ninety minutes of heated altercations
between two rival groups of intoxicated patrons and that the premises owner did
nothing during the ninety minutes of heated altercations other than serve the
patrons more alcoholic beverages.  Id. at 769.  The court held that the
premises owner had a duty to protect the patron that was assaulted “because Del
Lago had actual and direct knowledge that a violent brawl was imminent between
drunk, belligerent patrons and had ample time and means to defuse the
situation.”  Id.  

            In
the present case, the summary judgment evidence shows that Trio leased space in
a shopping center in Odessa, Texas, for a wireless telecommunications store.  McDaniel
and his father went to the store on the morning of December 30, 2006, to renew their
contract.  They waited for a store employee to arrive and open the store for
business.  A female employee arrived and began to assist McDaniel and his
father.  Four men came into the store.  One of the men walked to the counter
where the employee was “and began to cuss this lady out, threatening her, using
profanity and all kinds of things of this nature.”  The man was apparently
upset because the employee would not answer her phone when he called or call
him back.  When the man was finished berating the employee, he headed toward
the door but turned around and said to McDaniel, “Do you have a problem with
that?”  McDaniel responded in the affirmative, stating, “I don’t think anybody
should be treated that way.”  The man then began “cussing” McDaniel.  McDaniel
felt threatened, decided that there was no need for the situation to get
physical, and began to step back away from the threshold where he had been
standing to make room for the man to exit the store.  However, the man
blindsided McDaniel with a beer bottle “upside the face,” busting McDaniel’s
front teeth out.  The man then swung at McDaniel with the broken bottle,
lacerating the left side of McDaniel’s head and leaving McDaniel’s left ear
hanging by a little piece of skin.  The man attempted a third swing with the
bottle, but McDaniel pushed him out the door and to the ground and took the
beer bottle away.  At that time, McDaniel realized how badly he was bleeding
and decided that he needed to get help.  McDaniel got off the man, went back
into the store, and asked the employee where the bathroom was.  McDaniel went
to the bathroom to tend to his wounds, and McDaniel’s father told the employee
to call 911.  The employee called 911, and an ambulance arrived shortly
thereafter.  According to McDaniel, the altercation between the man and
McDaniel took “no more than a few seconds,” and the whole exchange took less
than a minute.

            The
president of Trio knew of no criminal activity occurring at the store prior to
or after McDaniel being assaulted by an unknown individual.  A record from the
City of Odessa Police Department indicated that, at the shopping center in
which Trio’s store was located, no violent crimes were reported to the police from
January 1, 2003, to December 31, 2008, except for the aggravated assault of
McDaniel.

            Based
upon the undisputed facts as set out in the summary judgment evidence, we hold
that Trio owed no duty to protect McDaniel from the assault because the assault
that occurred in this case was not foreseeable under the parameters of either Timberwalk
or Del Lago.  The trial court did not err in granting Trio’s motion for
summary judgment.  McDaniel’s issue is overruled.

            The
judgment of the trial court is affirmed.

 

 

                                                                                                JIM
R. WRIGHT

                                                                                                CHIEF
JUSTICE

 

August 31, 2012

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.