**Reversed and Remanded and Majority and Dissenting Opinions filed August 19, 2014.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-13-00634-CV

---

### WANDA KAY COHEN, Appellant

### V.

### LANDRY'S, INC., LANDRY'S CRAB SHACK, INC., AND LANDRY'S SEAFOOD & OYSTER BAR-KEMAH, INC., Appellees

---

**On Appeal from the 405th Judicial District Court
Galveston County, Texas
Trial Court Cause No. 11-CV-1942**

---

## D I S S E N T I N G   O P I N I O N

Appellant Wanda Kay Cohen sued appellees Landry's, Inc.,[1] Landry's Crab Shack, Inc.,[2] and Landry's Seafood Inn & Oyster Bar-Kemah, Inc.[3] (collectively

---

[1] The trial court's judgment recites that Landry's, Inc. was improperly named in Cohen's live petition as Landry's Restaurants, Inc. Individually and d/b/a Landry's, Inc. and/or Kemah Boardwalk.

[2] The trial court's judgment recites that Landry's Crab Shack, Inc. was improperly named in Cohen's live petition as Landry's Crab Shack, Inc., Individually and d/b/a Kemah Boardwalk.

hereinafter "Landry's"), complaining of her trip and fall and seeking actual and exemplary damages. Cohen asserted a negligence claim, and she also alleged that Landry's conduct constituted malice and gross negligence. Though Cohen appears to have asserted negligence based upon a negligent-activity theory, Cohen's primary negligence theory was premises liability.

Landry's filed a no-evidence summary-judgment motion asserting that there is no evidence that Landry's owed Cohen a negligence duty. Landry's also asserted a traditional summary-judgment motion. The trial court granted summary judgment without specifying any summary-judgment ground.[4]

On appeal, Cohen has assigned error only as to the trial court's dismissal of her negligence claim based on premises liability. In reviewing a no-evidence summary judgment, this court must ascertain whether the nonmovant pointed out summary-judgment evidence raising a genuine issue of fact as to the essential elements attacked in the no-evidence motion.[5] In the de novo review of a trial court's summary judgment, this court considers all the evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not.[6] The evidence raises a genuine issue of fact if reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary-

---

[3] The trial court's judgment recites that Landry's Seafood Inn & Oyster Bar-Kemah, Inc. was improperly named in Cohen's live petition as Landry's Seafood Inn & Oyster Bar, Inc.

[4] When, as in this case, the order granting summary judgment does not specify the grounds upon which the trial court relied, this court must affirm the summary judgment if any of the independent summary-judgment grounds is meritorious. *FM Props. Operating Co. v. City of Austin,* 22 S.W.3d 868, 872 (Tex. 2000).

[5] *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 206–08 (Tex. 2002).

[6] *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006).

judgment evidence.[7]

In her summary-judgment responses, Cohen did not assert that Landry's owned or occupied the sidewalk where she tripped and fell on December 9, 2009 (the "Occurrence Date"). No summary-judgment evidence raises a genuine fact issue as to whether Landry's owned or occupied this property on the Occurrence Date. Cohen did not assert that Landry's had a right to control the sidewalk where she tripped and fell, nor does the summary-judgment evidence raise a genuine fact issue as to whether Landry's had a right to control this sidewalk. In her responses, Cohen sought to show that Landry's owed a negligence duty under her premises-liability theory by asserting that, on the Occurrence Date, Landry's actually exercised control over the sidewalk where Cohen tripped and fell.

The only summary-judgment evidence that arguably raises a fact issue regarding Landry's alleged actual control over the sidewalk is a one-page document that could be construed as an invoice sent to Landry's by a construction company on October 27, 2011, seeking payment for repair work done by the construction company to the sidewalk where Cohen tripped and fell. The document also could be construed as a proposal by the construction company to repair the sidewalk where Cohen tripped and fell and a proposal to bill Landry's for the work. If the document is a proposal, then it does not reflect that the proposed repair work ever was performed or billed as proposed. Even presuming that the repair work was performed and that the construction company sought payment from Landry's via this document, the document still does not reflect whether the City of Kemah contacted the construction company to request that the repair work be done or whether the City of Kemah gave permission for the repair work to be done at the expense of Landry's. Furthermore, the document is dated

---

[7] *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007).

October 27, 2011, almost two years after the occurrence giving rise to this lawsuit.

Under the applicable standard of review, the summary-judgment evidence would not allow reasonable and fair-minded jurors to conclude that, on the Occurrence Date, Landry's actually exercised control over the sidewalk where Cohen tripped and fell.[8]  Likewise, the summary-judgment evidence does not raise a genuine fact issue as to whether Landry's owes a negligence duty to Cohen under her premises-liability theory.[9]  Therefore, this court should affirm the trial court's summary judgment.  Because this court does not do so, I respectfully dissent.

/s/     Kem Thompson Frost
         Chief Justice

Panel consists of Chief Justice Frost, Justices Jamison and Wise.  (Jamison, J., Majority).

---

[8] *See Goodyear Tire & Rubber Co.*, 236 S.W.3d at 755–56;  *Johnson v. BP Products North America, Inc.*, No. 01-12-00072-CV, 2013 WL 177412, at *8–10 (Tex. App.—Houston [1st Dist.] Jan. 17, 2013, no pet.) (mem. op.).

[9] *See Goodyear Tire & Rubber Co.*, 236 S.W.3d at 755–56;  *Johnson*, 2013 WL 177412, at *8–10.