Opinion filed August 31, 2012



In The

# Eleventh Court of Appeals

_____

## No. 11-10-00240-CV

_____

**JEREMY MCDANIEL, Appellant**

**V.**

**TRIO HOLDINGS, LLC D/B/A TRIO WIRELESS, Appellee**

**On Appeal from the 244th District Court**

**Ector County, Texas**

**Trial Court Cause No. C-126,788**

### M E M O R A N D U M   O P I N I O N

Jeremy McDaniel sued Trio Holdings, LLC d/b/a Trio Wireless as a result of injuries McDaniel sustained when he was a business invitee on Trio's premises. McDaniel alleged that Trio and its employees were negligent and breached a duty of reasonable care by failing to make the premises safe. Trio moved for summary judgment, asserting that it owed no duty to McDaniel because the criminal act was unforeseeable. The trial court granted Trio's motion for summary judgment and entered judgment that McDaniel take nothing on his claims against Trio. McDaniel appeals. We affirm.

In a single issue on appeal, McDaniel contends that the trial court erred in granting Trio's motion for summary judgment. Trio filed a traditional motion for summary judgment pursuant to TEX. R. CIV. P. 166a(c). Thus, as the moving party, Trio had the burden of showing that there was no genuine issue as to any material fact and that it was entitled to judgment as a matter of law. Rule 166a(c). To be entitled to summary judgment, a defendant must either conclusively negate at least one of the essential elements of each of the plaintiff's causes of action or conclusively establish an affirmative defense. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010). In reviewing a summary judgment, we must consider all of the evidence in the light most favorable to the nonmovant, indulging every reasonable inference in favor of the nonmovant and resolving any doubts against the movant. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 756 (Tex. 2007). We must consider whether reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary judgment evidence presented, and we may not ignore undisputed summary judgment evidence that cannot be disregarded. *Id.* at 755, 757.

McDaniel's contention on appeal is that Trio was not entitled to summary judgment because it owed a duty to McDaniel pursuant to *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762 (Tex. 2010). The court in *Del Lago* addressed the duty owed to a bar customer to protect him from being assaulted by another bar customer. 307 S.W.3d at 767. The court recognized the general law that whether a duty exists is a question of law for a court, which "turns 'on a legal analysis balancing a number of factors, including the risk, foreseeability, and likelihood of injury, and the consequences of placing the burden on the defendant.'" *Id.* (quoting *Gen. Elec. Co. v. Moritz*, 257 S.W.3d 211, 218 (Tex. 2008)). As a general rule, a premises owner has no duty to protect invitees from criminal acts committed by third parties. *Id.*; *Timberwalk Apartments, Partners, Inc. v. Cain*, 972 S.W.2d 749, 756 (Tex. 1998). However, a premises owner does have a duty to protect an invitee when the owner knows or has reason to know of a risk of harm that is unreasonable and foreseeable. *Del Lago*, 307 S.W.3d at 767; *Timberwalk*, 972 S.W.2d at 756. The foreseeability of an unreasonable risk of criminal conduct is a prerequisite to imposing on the owner of a premises a duty of care to protect others on the premises from the risk. *Timberwalk*, 972 S.W.2d at 756.

In *Timberwalk*, a tenant who was raped in her apartment by an intruder sued her landlord for failing to provide adequate security. *Id.* at 751. The *Timberwalk* court set out the following

factors that courts "should consider" when addressing the element of foreseeability: whether any criminal conduct previously occurred on or near the premises, how recently that conduct occurred, how often it occurred, how similar was the conduct, and how much publicity was given to the prior conduct. *Id.* at 757. The supreme court applied the above factors and held as a matter of law that the landlord owed no duty to the tenant to provide additional security. *Id.* at 759.

The court in *Del Lago* found that the *Timberwalk* factors were not applicable in *Del Lago* because of the nature and character of the premises, which was a bar located in the conference center of the 300-acre resort, and because of the immediately preceding conduct in the bar that night, which made the criminal misconduct foreseeable. *Del Lago*, 307 S.W.3d at 765, 768–69. The court in *Del Lago* considered that the fight occurred in a bar at closing time following ninety minutes of heated altercations between two rival groups of intoxicated patrons and that the premises owner did nothing during the ninety minutes of heated altercations other than serve the patrons more alcoholic beverages. *Id.* at 769. The court held that the premises owner had a duty to protect the patron that was assaulted "because Del Lago had actual and direct knowledge that a violent brawl was imminent between drunk, belligerent patrons and had ample time and means to defuse the situation." *Id.*

In the present case, the summary judgment evidence shows that Trio leased space in a shopping center in Odessa, Texas, for a wireless telecommunications store. McDaniel and his father went to the store on the morning of December 30, 2006, to renew their contract. They waited for a store employee to arrive and open the store for business. A female employee arrived and began to assist McDaniel and his father. Four men came into the store. One of the men walked to the counter where the employee was "and began to cuss this lady out, threatening her, using profanity and all kinds of things of this nature." The man was apparently upset because the employee would not answer her phone when he called or call him back. When the man was finished berating the employee, he headed toward the door but turned around and said to McDaniel, "Do you have a problem with that?" McDaniel responded in the affirmative, stating, "I don't think anybody should be treated that way." The man then began "cussing" McDaniel. McDaniel felt threatened, decided that there was no need for the situation to get physical, and began to step back away from the threshold where he had been standing to make room for the man to exit the store. However, the man blindsided McDaniel with a beer bottle "upside the

face," busting McDaniel's front teeth out. The man then swung at McDaniel with the broken bottle, lacerating the left side of McDaniel's head and leaving McDaniel's left ear hanging by a little piece of skin. The man attempted a third swing with the bottle, but McDaniel pushed him out the door and to the ground and took the beer bottle away. At that time, McDaniel realized how badly he was bleeding and decided that he needed to get help. McDaniel got off the man, went back into the store, and asked the employee where the bathroom was. McDaniel went to the bathroom to tend to his wounds, and McDaniel's father told the employee to call 911. The employee called 911, and an ambulance arrived shortly thereafter. According to McDaniel, the altercation between the man and McDaniel took "no more than a few seconds," and the whole exchange took less than a minute.

The president of Trio knew of no criminal activity occurring at the store prior to or after McDaniel being assaulted by an unknown individual. A record from the City of Odessa Police Department indicated that, at the shopping center in which Trio's store was located, no violent crimes were reported to the police from January 1, 2003, to December 31, 2008, except for the aggravated assault of McDaniel.

Based upon the undisputed facts as set out in the summary judgment evidence, we hold that Trio owed no duty to protect McDaniel from the assault because the assault that occurred in this case was not foreseeable under the parameters of either *Timberwalk* or *Del Lago*. The trial court did not err in granting Trio's motion for summary judgment. McDaniel's issue is overruled.

The judgment of the trial court is affirmed.


JIM R. WRIGHT
CHIEF JUSTICE


August 31, 2012
Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.

4