**Petition for Writ of Mandamus Conditionally Granted in Part and Denied in Part and Memorandum Opinion filed November 8, 2012.**



In The

# Fourteenth Court of Appeals

### NO. 14-12-00933-CV

### IN RE THERESA MOOR, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**412th District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 67568**

## MEMORANDUM OPINION

On October 9, 2012, relator Theresa Moor filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. §22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable W. Edwin Denman, presiding judge of the 412th District Court of Brazoria County to vacate his order denying relator's motion to quash the September 17, 2012 deposition subpoena to AT & T Mobility. We conditionally grant partial mandamus relief.

## I. Background

On March 13, 2012, relator's 13-year-old son, Jules Moor, and his friend, Braxton Lovings, another 13-year-old boy, were driving a go-cart in their neighborhood. They

pulled the go-cart off of the road to permit a vehicle to pass when they were allegedly hit head-on by Deanna Gibson Johnson who was driving a Jeep. Johnson alleged that she pulled off the road to warn the boys that they had been driving dangerously when the go-cart hit her vehicle. On March 20, 2012, Lovings sued Johnson for injuries sustained in the collision. On May 14, 2012, Johnson filed a third-party complaint in which she complained that relator, Theresa Moor, "negligently entrusted a go-cart vehicle to her son who was an unlicensed, reckless and incompetent driver." The pleadings are specific as to the acts of recklessness and incompetence and do not include any allegation that the driver of the go-cart was using a mobile phone at the time. Relator answered Johnson's suit and filed a cross-claim alleging Johnson was responsible for her son's injuries, among other things. On April 2, 2012, Johnson received a threatening voicemail message from a female caller.

On August 20, 2012, Johnson served a deposition subpoena on AT & T Mobility, relator's mobile phone provider. Johnson initially requested "all calls/text messages pertaining to" relator's and her son's phone numbers "from March 13, 2012 through May 25, 2012." Relator objected on the grounds that:

> Defendant's attempt to acquire Theresa Moor's mobile phone and text messages would unnecessarily invade her privacy rights, compromise the attorney/client privilege, is outside the scope of discovery, irrelevant, and sought solely for the purpose of harassment.

In her response, Johnson averred that a lawyer known as "Pink," known to "Mr. Moor,"[1] arrived at the scene of the accident. According to Johnson, although the Moors "disavowed any knowledge" as to Pink's arrival, Pink was seen "orchestrating events" that led to an ambulance being called to the scene of the accident. Johnson alleged that Pink influenced the boys to exaggerate their injuries.

---

[1] It is not clear from the record, but it appears the "Mr. Moor" to whom Johnson refers is Jules Moor's father, not Jules Moor.

Johnson further requested that the trial court conduct an in camera inspection of the phone records to determine whether relator phoned Johnson on April 2, 2012. Johnson alleged the information is reasonably calculated to lead to the discovery of evidence that will be admissible with regard to "any future amendment of Ms. Johnson's third-party action to include a claim for damages against Theresa Moor." Johnson further alleged that the phone calls around the time of the accident were necessary to determine whether Jules Moor was instructed to phone a lawyer.

The trial court narrowed Johnson's original request to include only the period of time from 4:30 to 7:00 p.m. on the date of the accident, and 8:00 to 9:00 a.m. on the morning Johnson received the threat. In her petition for writ of mandamus, relator contends the discovery requests are irrelevant and outside the scope of discovery.

## II. Mandamus Standard

Mandamus relief is appropriate only if a trial court abuses its discretion and no adequate appellate remedy exists. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003). The heavy burden of establishing an abuse of discretion and an inadequate appellate remedy is on the party resisting discovery. *Id.* The scope of discovery is largely within the trial court's discretion. *In re Colonial Pipeline Co.*, 968 S.W.2d 938, 941 (Tex. 1998). Texas Rule of Civil Procedure 192.3 permits a party to "obtain discovery regarding any matter that is not privileged and is relevant to the subject matter of the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party." Tex. R. Civ. P. 192.3.

An order that compels overly broad discovery is an abuse of discretion for which mandamus is the appropriate remedy. *Dillard Dep't Stores, Inc. v. Hall*, 909 S.W.2d 491, 492 (Tex. 1995). Because discovery is limited to matters that are relevant to the case, requests for information that are not reasonably tailored as to time, place, or subject

3

matter amount to impermissible "fishing expeditions." *See CSX Corp.*, 124 S.W.3d at 152; *Texaco, Inc. v. Sanderson*, 898 S.W.2d 813, 815 (Tex. 1995). Requests for production must be "reasonably tailored to include only matters relevant to the case." *In re Am. Optical Corp.*, 988 S.W.2d 711, 713 (Tex. 1998).

### III.  Scope of Discovery in a Negligent Entrustment Case

Generally, the scope of discovery includes any unprivileged information that is relevant to the subject of the action, even if it would be inadmissible at trial, as long as the information is reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3; *CSX Corp.*, 124 S.W.3d at 152. Information is relevant if it tends to make the existence of a fact that is of consequence to the determination of the action more or less probable than it would be without the information. Tex. R. Evid. 401. The phrase "relevant to the subject matter" is to be "liberally construed to allow the litigants to obtain the fullest knowledge of the facts and issues prior to trial." *Ford Motor Co. v. Castillo*, 279 S.W.3d 656, 664 (Tex. 2009).

The elements of a negligence cause of action are a duty, a breach of that duty, and damages proximately caused by the breach of duty. *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990). To establish causation in a personal injury case, a plaintiff must prove the conduct of the defendant caused an event and that this event caused the plaintiff to suffer compensable injuries. *See Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 731 (Tex. 1984). Second, the plaintiff must put on evidence about the amount of the damages the plaintiff may recover. *Id.* at 732.

To establish liability for negligent entrustment, there must be a showing of (1) entrustment of a vehicle by the owner; (2) to an unlicensed, incompetent, or reckless driver; (3) that the owner knew or should have known to be unlicensed, (4) that the driver was negligent on the occasion in question and (5) that the driver's negligence

4

proximately caused the accident. *See Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 758 (Tex. 2007).

## IV. Discovery Requests at Issue

Relator complains of the trial court's order requiring AT & T Mobility to release her telephone records and her son's records for the two and one-half hours surrounding the accident and one hour on the morning of April 2, 2012, when Johnson allegedly received the threatening voice message. Relator objected that the evidence is not relevant to Johnson's personal injury or negligent entrustment causes of action. Johnson responds alleging the phone records are necessary to identify a witness, the lawyer "Pink," and to determine whether relator was the person who threatened Johnson.

### A. Records immediately before and after the collision

Johnson initially sought relator's and her son's mobile phone records from March 13, 2012 through May 25, 2012. The trial court narrowed the scope of this request to the time immediately before and the time immediately after the accident. A party may obtain discovery of the name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case. Tex. R. Civ. P. 192.3. A person has knowledge of relevant facts when that person has or may have knowledge of any discoverable matter. *Id.* The person need not have admissible information or personal knowledge of the facts. *Id.* A witness's identity is generally discoverable. *In re Hinterlong*, 109 S.W.3d 611, 624 (Tex. App.—Fort Worth 2003, orig. proceeding). In seeking the phone records from the period immediately before and immediately after the accident, Johnson seeks to discover the identity of the lawyer who was called to the scene of the accident.

As narrowed, the trial court could have reasonably concluded that the phone records from the two and one-half hour window immediately before and after the

5

accident are reasonably calculated to lead to the discovery of admissible evidence to support the pleadings. Thus, the trial court did not abuse its discretion in ordering production of the phone records from 4:30 p.m. to 7:00 p.m. on the date of the accident.

### B. Records from April 2, 2012

Johnson's request and the trial court's order requiring production of relator's telephone records from 8:00 a.m. to 9:00 a.m. on the date of the alleged voicemail threat go beyond the scope of the pleadings before the court. Johnson has not plead a cause of action regarding the alleged voicemail threat. Therefore, telephone records designed to discover whether relator made the phone call are not calculated to lead to the discovery of admissible evidence.

Discovery of the phone records from April 2, 2012 appears to be an impermissible fishing expedition designed to paint relator and her son in an unfavorable light. "American jurisprudence goes to some length to avoid the spurious inference that defendants are either guilty or liable if they have been found guilty or liable of anything before." *In re Allstate County Mut. Ins. Co.*, 227 S.W.3d 667, 669–70 (Tex. 2007). Whether relator made threats to Johnson does not make it more or less probable that relator negligently entrusted the go-cart to her son, or that her son was negligent in driving the go-cart. *See* Tex. R. Civ. P. 192.3; Tex. R. Evid. 401.

### Conclusion

For the foregoing reasons, we conditionally grant partial mandamus relief with regard to the portion of the order requiring production of phone records from 8:00 a.m. to 9:00 a.m. on April 2, 2012, and direct the trial court to vacate its order requiring production of those records. We deny mandamus relief with regard to the portion of the order requiring production of phone records from 4:30 p.m. to 7:00 p.m. on March 13,

2012.  We are confident the trial court will act in accordance with this opinion.  The writ will issue only if the trial court fails to do so.

PER CURIAM

Panel consists of Justices Seymore, Boyce, and McCally.