

# IN THE
# TENTH COURT OF APPEALS

## No. 10-14-00297-CV

**RHONDA L FORSTHOFF,**

**Appellant**

 **v.**

**BRAZOS COUNTY, A SELF-INSURED COUNTY
THROUGH THE TEXAS ASSOCIATION OF
COUNTIES RISK MANAGEMENT POOL,**

**Appellees**

From the 272nd District Court
Brazos County, Texas
Trial Court No. 14-000052-CV-272

## MEMORANDUM OPINION

In this pro-se appeal, appellant, Rhonda L. Forsthoff, challenges the trial court's granting of summary judgment in favor of appellee, Brazos County, a self-insured county through the Texas Association of Counties Risk Management Pool. We affirm.

# I.    BACKGROUND

This matter pertains to a claim filed by appellant for workers'-compensation benefits stemming from an on-the-job accident that occurred on May 30, 2012. Appellant, formerly a detention officer and quartermaster at the Brazos County jail, has alleged that she injured her lower back while lifting a case of toilet paper at the jail. In her filings, appellant has argued that she sustained a sacroiliac injury that was compensable.

The Texas Workers Compensation Commission conducted a contested case hearing, at appellant's request, to determine whether appellant's alleged sacroiliac injury was a "compensable injury." At the conclusion of the hearing, the hearing officer issued an order stating that: (1) appellant sustained a compensable injury on May 30, 2012, but that the compensable injury did not extend to and include her alleged sacroiliac injury; (2) appellant reached maximum medical improvement ("MMI") on August 23, 2012; and (3) appellant's impairment rating ("IR") was 5%. Accordingly, the hearing officer denied appellant benefits related to her alleged sacroiliac injury.

Unhappy with the hearing officer's decision, appellant appealed. On November 25, 2013, the Texas Workers Compensation Appeals Panel affirmed the hearing officer's decision. Thereafter, appellant appealed the decision of the Texas Workers Compensation Commission and filed suit in the 272nd Judicial District Court in Brazos County.

In response to appellant's suit, appellee filed an answer denying appellant's allegations and a motion for summary judgment. In its summary-judgment motion,

appellee asserted that the undisputed medical evidence conclusively established that appellant's May 30, 2012 accident was not the cause of her alleged sacroiliac injury. Appellee attached numerous medical records to its motion. The trial court set appellee's motion for a hearing. Seven days prior to the hearing, appellant filed an unsworn pro-se response to the summary-judgment motion without attaching any evidence.

On July 14, 2014, the trial court conducted a hearing on appellee's summary-judgment motion. Appellant was present and had an opportunity to argue her case. At the conclusion of the hearing, the trial court indicated that it would take the matter under advisement. A week after the hearing, appellant filed a pro-se brief, attaching evidence for the first time. Subsequently, on August 4, 2014, the trial court granted appellee's motion for summary judgment and entered a final judgment dismissing appellant's claim. This pro-se appeal followed.

## II. STANDARD OF REVIEW

We review a trial court's summary judgment de novo. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). In reviewing a traditional motion for summary judgment, we must consider whether reasonable and fair-minded jurors could differ in their conclusions in light of all the evidence presented. *See Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007). We must consider all the evidence in the light most favorable to the nonmovant, indulging every reasonable inference in favor of the nonmovant and resolving any doubts against the motion. *See id.* at 756.

### III. ANALYSIS[1]

At the outset, we note that, in her brief, appellant does not cite any legal authority to support her contentions that the trial court erred. Instead, she merely re-argues the facts that have been presented to the trial court and the Texas Workers Compensation Commission. Texas Rule of Appellate Procedure 38 requires a party to provide the reviewing court with "a succinct, clear, and accurate statement of the argument made in the body of the brief." *Tesoro Petroleum Corp. v. Nabors Drilling U.S.A.*, 106 S.W.3d 118, 128 (Tex. App.—Houston [1st Dist.] 2002, pet. denied); *see* TEX. R. APP. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."). "This is not done by merely uttering brief conclusory statements, unsupported by legal citations."[2] *Tesoro Petroleum Corp.*, 106 S.W.3d at 128; *see* TEX. R. APP. P. 38.1(i). Therefore, because appellant's arguments are completely devoid of any legal support, we must conclude that the issues have been inadequately briefed and, therefore, waived. *See* TEX. R. APP. P. 38.1(i); *see also Tesoro Petroleum Corp.*, 106 S.W.3d at 128.

---

[1] Appellant's pro-se brief does not contain a specific section for issues presented. *See* TEX. R. APP. P. 38.1(f). However, based on a liberal reading of her brief, appellant appears to challenge the trial court's conclusions of law that her sacroiliac injury was not compensable; that she achieved MMI on August 23, 2012; and that her IR is 5%.

[2] We also recognize that appellant elected to represent herself on appeal. Under Texas law, pro-se litigants, as appellant is here, are held to the same standards as licensed attorneys with regard to compliance with applicable laws and rules of procedure. *See In re N.E.B.*, 251 S.W.3d 211, 212 (Tex. App.—Dallas 2008, no pet.) (citing *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978) ("There cannot be two sets of procedural rules, one for litigants with counsel and the other for litigants representing themselves. Litigants who represent themselves must comply with the applicable procedural rules, or else they would be given an unfair advantage over litigants represented by counsel.")).

And even if appellant had adequately briefed her issues, viewing the evidence in the light most favorable to appellant, we cannot say that the trial court erred in granting summary judgment in favor of appellee. *See Mayes*, 236 S.W.3d at 755; *see also Knott*, 128 S.W.3d at 215. First, the properly-admitted summary-judgment evidence does not indicate that the May 30, 2012 accident caused appellant's sacroiliac injury; instead, the documentary evidence of several doctors demonstrates that appellant suffered a lumbar strain as a result of the May 30, 2012 accident; that she reached MMI on August 23, 2012; and that her IR is 5%.[3] Moreover, appellant did not timely submit summary-judgment evidence for the trial court to consider. Specifically, appellant first provided evidence in her pro-se brief, which was submitted a week after the summary-judgment hearing. *See* TEX. R. CIV. P. 166a(c) ("Except on leave of court, the adverse party, not later than seven days prior to the day of hearing may file and serve opposing affidavits or other written response."). Appellant's responses to appellee's summary-judgment motion that were timely filed contained only appellant's own unsworn testimony that is inadmissible because it was not sworn, and because appellant is not an expert on medical causation. *See* TEX. R. EVID. 603 ("Before testifying, every witness shall be required to declare that the witness will testify truthfully, by oath or affirmation . . . ."); *see also id.* at R. 702 ("If scientific, technical, or other specialized knowledge will assist

---

[3] Treating Doctors Siva Ayyar and John P. Obermiller both determined that appellant's "compensable injury" only included a lumbar strain. Moreover, in his report, Dr. Obermiller mentioned that appellant's selected doctor, Catherine Locke, M.D., merely diagnosed appellant with back pain; Dr. Locke did not mention any neurologic losses attributable to sacroilitis. Doctors Hadley and Fino also concluded that appellant had a lumbar injury but did not mention any neurologic loss or sacroilitis. Nevertheless, appellant was later diagnosed with sacroiliac joint dysfunction; however, it was determined that this diagnosis was not caused by appellant's May 30, 2012 accident. Appellant has not tendered any competent summary-judgment evidence to refute these findings.

the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise."). Accordingly, we overrule all of appellant's issues on appeal.

## IV.    CONCLUSION

Based on the foregoing, we affirm the judgment of the trial court.

AL SCOGGINS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed February 5, 2015
[CV06]

