**Reversed and Rendered and Majority and Concurring Opinions filed July 16, 2019.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-17-00718-CV

---

## HARRIS COUNTY, TEXAS, Appellant

## V.

## CLAUDIA RAMIREZ, Appellee

---

**On Appeal from the County Civil Court at Law No. 1
Harris County, Texas
Trial Court Cause No. 1081071**

---

## CONCURRING OPINION

Acknowledging the unambiguous statutory text at issue in Texas Transportation Code Section 284.0701, I am reluctantly compelled to concur in the court's judgment while doubting its premise. I write separately to express said doubts because the statute at issue seemingly creates a heretofore unknown category of vicarious strict liability to sellers in specific arms-length business transactions despite the absence of wrongdoing. Rather than silently participate in

the apparent creation of a new theory of vicarious liability on a non-briefed issue of first impression concerning an unambiguous Texas statute, I believe a balancing test should be performed (after notice and an opportunity to be heard) to determine (1) whether there is any rational basis for the enactment of said statute and (2) whether it should hold people like Ms. Ramirez strictly and vicariously liable for the conduct of an unrelated third-party despite the absence of personal wrongdoing and control.

Even when constitutional considerations are suspended, the legitimacy of statutory vicarious strict liability upon sellers of automobiles in Texas appears to be at least questionable under (*inter alia*) Texas law. Even assuming *arguendo* the statute at bar is not imposing statutory strict *criminal* (*i.e.,* punitive) vicarious liability, Texas law imposes strict civil vicarious liability via (*inter alia*) (1) conspiracy (concerted action by agreement),[1] (2) aiding-abetting (concerted action by substantial assistance),[2] (3) *respondeat superior*,[3] (4) joint-enterprise,[4] (5)

---

[1]    *See Agar Corp. v. Electro Circuits Int'l, LLC*, No. 17-0630, 2019 WL 1495211, at *3 (Tex. Apr. 5, 2019) (civil conspiracy is "a theory of vicarious liability" that "requires some underlying wrong").

[2]    *See Juhl v. Airington,* 936 S.W.2d 640, 643 (Tex. 1996)*. Accord Halberstam v. Welch,* 705 F.2d 472, 477 (D.C. Cir. 1983) ("Aiding-abetting includes the following elements: (1) the party whom the defendant aids must perform a wrongful act that causes an injury; (2) the defendant must be generally aware of his role as part of an overall illegal or tortious activity at the time that he provides the assistance; (3) the defendant must knowingly and substantially assist the principal violation.") (citing *Inv'rs Research Corp. v. Sec. & Exch. Comm'n,* 628 F.2d 168, 178 (D.C. Cir. 1980); *Woodward v. Metro Bank of Dallas,* 522 F.2d 84, 94-95 (5th Cir. 1975); and *Landy v. Fed. Deposit Ins. Corp.,* 486 F.2d 139, 162-63 (3d Cir. 1973)).

[3]    *Shoemaker v. Whistler's Estate*, 513 S.W.2d 10, 13-15 (Tex. 1974); *see also Porter v. Grennan Bakeries*, 16 N.W.2d 906, 909-10 (Minn. 1944) (collecting authorities).

[4]    *See Shoemaker,* 513 S.W.2d at 16 ("By way of history, we know that the law of partnership and the principles of agency serve as a foundation for the doctrine of joint enterprise. A step away from partnership is joint venture, a concept that is generally more limited in time and in purpose than a partnership. While a joint venture encompasses fewer objectives than a partnership, both exist in a business or commercial setting. Joint enterprise, which may be considered a third stage of development, is an unique creation of American jurisprudence. American courts have applied this doctrine almost solely in the field of automobile law[.]").

2

partnership,[5] (6) business partner agreements,[6] (7) special relationships,[7] and (8) negligent entrustment.[8]

Whether the instant statute is analogous to these precedents has not been briefed; therefore, neither the Plaintiff/Appellant nor the State had either notice or an opportunity to respond to same and the majority is understandably reticent to *sua sponte* analyze these issues. Even without briefing, however, the instant case appears both distinguished from each of the foregoing and well-established precedents and contrary to the principles of vicarious liability under controlling Texas law. *See Wingfoot Enters. v. Alvarado*, 111 S.W.3d 134, 146 (Tex. 2003) ("The common-law principles that define when there will be vicarious liability are designed to assign liability for injury to third parties to the party who was directing the details of the negligent actor's conduct when that negligence occurred."); *see also Newspapers, Inc. v. Love*, 380 S.W.2d 582, 588-89 (Tex. 1964) (citing Philip Mechem, *Outlines of the Law of Agency*, 349-363; John H. Wigmore, *Responsibility for Tortious Acts: Its History*, 7 Harv. L. Rev. 315, 383, 441 (1894); William O. Douglas, V*icarious Liability and Administration of Risk*, 38 Yale L. J. 584, 720 (1929); and Clarence Morris, *The Torts of an Independent Contractor*, 29 Ill. L. Rev. 339 (1934)).

While the Legislature is presumably authorized to create laws imposing strict liability, those laws should comport with fundamental rationality and controlling Texas jurisprudence. Here, Texas Transportation Code Section 284.0701 imposes vicarious liability upon someone who does nothing more than sell their vehicle to a third party that proceeds to break a specific law therewith.

---

[5]    *Howsley & Jacobs v. Kendall*, 376 S.W.2d 562, 567 (Tex. 1964).
[6]    *See Pinkerton v. United States*, 328 U.S. 640, 651-52 (1946) (Rutledge, J., dissenting in part).
[7]    *In re Xerox Corp.*, 555 S.W.3d 518, 523 n.22 (Tex. 2018).
[8]    *See Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 758 (Tex. 2007).

This particular imposition of vicarious liability does not require a showing of (1) fault, (2) lack of reasonableness, (3) a violation of any law or duty, (4) control over the third party, or (5) causation. As a result, it is at least arguably both contrary to Texas law and beyond the power of the Legislature. *See Wingfoot Enters.,* 111 S.W.3d at 146; *see also Hurtado v. People of the State of Cal.,* 110 U.S. 516, 536 (1884) ("Arbitrary power, enforcing its edicts to the injury of the persons and property of its subjects, is not law, whether manifested as the decree of a personal monarch or of an impersonal multitude. And the limitations imposed by our constitutional law upon the action of the governments, both state and national, are essential to the preservation of public and private rights, notwithstanding the representative character of our political institutions.")

Due to the absence of briefing and the justifiable propriety of the majority's restraint from adjudicating the merits of the statute's rationality, I concur in the judgment while doubting its premise.

/s/    Meagan Hassan
Justice

Panel consists of Chief Justice Frost and Justices Zimmerer and Hassan (Zimmerer, J., majority).

4