**Affirmed and Memorandum Opinion filed October 13, 2020.**



**In The**

# Fourteenth Court of Appeals

## NO. 14-19-00167-CV

### WENDY MEIGS, Appellant

### V.

### TREY BERGMAN AND BERGMAN ADR GROUP, Appellees

**On Appeal from the 270th District Court
Harris County, Texas
Trial Court Cause No. 2017-73032**

## MEMORANDUM OPINION

Appellant Wendy Meigs challenges the summary judgment in favor of Trey Bergman and Bergman ADR Group (collectively "Bergman") on Meigs's negligence and negligent misrepresentation claims. Meigs asserts she raised genuine issues of material fact as to Bergman's impartiality in a mediation, which precludes summary judgment. Because we determine Meigs failed to challenge all bases on which summary judgment could be granted, we affirm.

BACKGROUND

This litigation arose from a mediation in a business dispute. Appellant Wendy Meigs, her ex-husband Jody Meigs, and Mike Johnston were shareholders in a pharmacy-related business called Asyntria, Inc.[1] Initially Johnston owned fifty percent of the shares and the Meigs split the other fifty percent equally. About the time the Meigs began divorce proceedings, management disputes arose between the three owners of Asyntria. Wendy Meigs filed third party claims in the divorce proceeding against Johnston and others related to the business dispute. A mediation was scheduled between the Meigs and Johnston to try to resolve the litigation. Meigs and her attorney, Todd Zucker, attended the mediation along with Johnston, and his attorney, Todd Frankfort. Jody Meigs was asked to leave before mediation began because he refused to pay the mediation fee. The mediator was appellee, Trey Bergman.

Before the mediation began, Meigs and Johnston's attorneys signed a document entitled "Rules of Mediation." Paragraph 16 of that document provided:

> **Exclusion of Liability**. The Mediator is not a necessary or proper party in judicial proceedings related to the mediation. Neither Mediator nor any law firm employing Mediator shall be liable to any party or their attorney for any act or omission in connection with any mediation conducted under these Rules.

The mediation led to a compromise between Meigs and Johnston, which was memorialized in a mediated settlement agreement ("MSA") signed by all parties who attended the mediation and their attorneys.[2]

Approximately four days after the MSA was signed, Meigs contacted Zucker,

---

[1] Wendy and Jody Meigs share a last name; in referencing Wendy Meigs in this opinion, we will refer to her by her last name.

[2] Jody Meigs did not sign the MSA.

her attorney, and told him she wanted to add terms to the MSA. After Zucker explained that Meigs could not add terms to the agreement, Meigs alleged that she did not willingly enter into the MSA. Meigs subsequently filed suit against Bergman alleging that Meigs and Bergman formed an attorney-client relationship, and Bergman was responsible for damages caused to Meigs as a result of the mediation. Meigs alleged causes of action for negligence, negligent misrepresentation, breach of fiduciary duty, fraud, violations of the Deceptive Trade Practices Act ("DTPA"), and breach of contract. Specifically, Meigs alleged that she was verbally abused and intimidated during the mediation and did not willingly enter into the MSA. Meigs alleged that she had been provided alcohol during the mediation, which impaired her ability to understand the settlement to which she agreed.

Bergman answered Meigs's suit, asserting a general denial and the affirmative defenses of estoppel, quasi estoppel, judicial estoppel, and waiver. Bergman further asserted a counterclaim for breach of contract, alleging that Meigs breached the mediation agreement, which provided that she had agreed not to involve Bergman in any litigation related to the mediation.

Bergman subsequently filed a combined motion for traditional and no-evidence summary judgment. Bergman alleged entitlement to traditional summary judgment on the following grounds:

- The doctrine of estoppel by contract precluded Meigs from asserting any cause of action against Bergman;
- Bergman was entitled to summary judgment on all causes of action grounded on an attorney-client relationship because Meigs did not have an attorney-client relationship with Bergman;

As grounds for no-evidence summary judgment, Bergman alleged that Meigs produced no evidence to support any of her causes of action.

Bergman attached several documents to his motion, including the rules for

3

mediation, signed by Meigs's attorney, the mediation sign-in record, signed by Meigs, the mediation statement to Bergman from Meigs's attorney, the MSA, and a memorandum written to Meigs from Zucker. Zucker's memorandum was written to Meigs in response to the suit she filed against Bergman. The memorandum provided in part:

> When you and I were interacting, you appeared to have every bit of your faculties, were speaking intelligently and were providing substantial input as to how to structure the deal.
>
> * * *
>
> The first time you raised any issue with the Mediated Settlement Agreement was November 4, four days after the mediation concluded. During that email, you did not mention impairment. You asserted that you wanted to add some terms to the settlement agreement.
>
> * * *
>
> But, from my standpoint, it appears that you reflected on the settlement agreement for several days, decided you wanted to add some terms in your favor, and when told that you couldn't add to it, began looking for excuses to back out of the deal, which grew over several days.
>
> * * *
>
> As for me, I am not willing to offer evidence or advocate a position that I not only believe is not supported by facts or law, but that I believe would be fabricating support for a defense to the agreement you made. If you wish to repudiate the contract, Bohreer & Zucker will need to file a motion to withdraw as counsel.

In responding to Bergman's motion for summary judgment Meigs objected to the mediation sign-in record, arguing that Zucker did not properly represent her during the mediation.[3] Meigs objected to the "Agreement to Mediation" "as an attempt to divert away from the true claims and does nothing more than attempt to perpetrate the hiding of the omission as was [sic] before the 2015 mediation and

---

[3] Meigs also sued Zucker and his firm in another action; the record does not reflect the resolution, if any, of that action.

continued through two more years of litigation."[4] Meigs further asserted that she was impaired during the mediation because Johnston's attorney bought and served alcohol to her during the mediation. Meigs admitted, however, that she had taken Xanax the day of the mediation "out of fear of seeing Johnston."

With regard to alcohol consumption during the mediation, the record reflects that Meigs and Johnston asked for alcoholic drinks, which Johnston's attorney provided. Meigs alleged that Johnston may have placed a drug in her drink. Bergman averred that he did not condone the drinking of alcohol at any mediation and asked the parties to refrain from drinking until the mediation was complete. Bergman also averred that Meigs and Johnston complied with his request and refrained from drinking until completion of the mediation.

Meigs attached documents to her summary-judgment response reflecting (1) email communications between Michelle Bohreer and Zucker, Meigs's attorneys; (2) a copy of the MSA; (3) internet articles about "spoofing" email and text messages; (4) a second amended petition, which did not have a file-stamp and appears not to have been filed; (5) a document entitled, "Model Standards of Conduct for Mediators"; and (6) Meigs's affidavit stating that she had personal knowledge of the facts stated in her response.

The trial court held a non-evidentiary hearing on Bergman's motion for summary judgment. When the hearing began Meigs appeared pro se. The trial court advised Meigs about the hazards of representing herself and gave her an opportunity to hire counsel. The hearing resumed after Meigs obtained counsel. The trial court granted Bergman's summary judgment without specifying the grounds and ordered that Meigs take nothing on all claims. Bergman subsequently nonsuited his

---

[4] The record contains no rulings by the trial court on Meigs's objections to Bergman's summary judgment evidence.

counterclaims.

ANALYSIS

In a single issue on appeal Meigs argues the trial court erred as a matter of law by granting summary judgment. In two sub-issues Meigs asserts she raised genuine issues of material fact with regard to her negligent misrepresentation and negligence causes of action. On appeal Meigs does not address her causes of action for breach of fiduciary duty, fraud, violations of the DTPA, or breach of contract. Moreover, Meigs does not challenge Bergman's affirmative defenses of estoppel and waiver.

## I. Standard of review and applicable law

We review a no-evidence summary judgment under a legal sufficiency standard. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003) ("A no-evidence summary judgment is essentially a pretrial directed verdict, and we apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict."). A no-evidence summary judgment will be sustained when: "(a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence establishes conclusively the opposite of the vital fact." *King Ranch*, 118 S.W.3d at 751 (citing *Merrell Dow Pharms. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)).

We review a trial court's order granting a traditional summary judgment de novo. *Mid–Century Ins. Co. v. Ademaj*, 243 S.W.3d 618, 621 (Tex. 2007). In reviewing a grant of summary judgment, we consider all of the evidence in the light most favorable to the nonmovant. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 756 (Tex. 2007). To prevail on a traditional motion for summary

6

judgment, a movant must prove entitlement to judgment as a matter of law on the issues pled and set out in the motion for summary judgment. Tex. R. Civ. P. 166a(c); *Masterson v. Diocese of Nw. Texas*, 422 S.W.3d 594, 607 (Tex. 2013).

If the trial court grants summary judgment without specifying the grounds, we affirm the judgment if any of the grounds presented are meritorious. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001) (per curiam). If an appellant does not challenge every possible ground for summary judgment, we will uphold the summary judgment on any of the unchallenged grounds. *Durham v. Accardi*, 587 S.W.3d 179, 183 (Tex. App.—Houston [14th Dist.] 2019, no pet.).

## II. The trial court's summary judgment must be affirmed because Meigs did not address all summary judgment grounds asserted by Bergman.

Meigs sued Bergman alleging negligence, negligent misrepresentation, breach of fiduciary duty, fraud, violations of the DTPA, and breach of contract. Bergman filed a motion for summary judgment alleging, inter alia, Meigs and Bergman had not formed an attorney-client relationship, and raising several affirmative defenses, including estoppel by contract.

As part of his traditional motion, Bergman asserted the defense of estoppel by contract because the rules of mediation, signed by all parties' attorneys, provided that the mediator is not a proper party in judicial proceedings related to mediation and shall not be liable to any party or their attorney for any act or omission in connection with the mediation.

Bergman asserted that Meigs was precluded by the doctrine of estoppel by contract from bringing any action against Bergman for any act or omission occurring during the mediation. In responding to Bergman's assertion that Meigs failed to raise a fact issue with regard to Bergman's estoppel-by-contract defense, Meigs objected to all references to estoppel, and objected to Bergman's claims for estoppel because

7

the contract between Meigs and Bergman was a contract for services, and the claim of estoppel does not apply "in a condition of premeditated fraudulent inducement to contract at mediation[.]"

On appeal Meigs argues the trial court erred in granting summary judgment because she produced sufficient proof to raise a genuine issue of material fact with regard to her negligence and negligent misrepresentation claims. Meigs failed to challenge summary judgment on her remaining causes of action or Bergman's assertion that all Meigs's causes of action fail due to Bergman's affirmative defense of estoppel. When, as in this case, the order granting summary judgment does not specify the grounds upon which the trial court relied, we must affirm if an appellant fails to challenge all grounds on which summary judgment may have been granted. *Dealer Computer Services, Inc. v. DCT Hollister Rd, LLC*, 574 S.W.3d 610, 621 (Tex. App.—Houston [14th Dist.] 2019, no pet.) (citing *Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970)); *see also Walker v. Holmes, Diggs, Eames & Sadler,* No. 14-19-00234-CV, 2020 WL 2120295, at *4 (Tex. App.— Houston [14th Dist.] May 5, 2020, no pet.) (mem. op.) (affirming summary judgment when appellant failed to challenge all independent bases or grounds that could, if meritorious, support the summary judgment dismissing his claims); *Jones v. RGJ Apartments Inc.*, No. 14-18-00020-CV, 2019 WL 2536185, at *2 (Tex. App.— Houston [14th Dist.] June 20, 2019, no pet.) (mem. op.) (affirming summary judgment where appellant failed to challenge appellees' defense of collateral estoppel, an independent, alternative ground upon which the trial court could have based its decision to grant summary judgment).

By failing to challenge Bergman's affirmative defense of estoppel by contract, Meigs has not challenged all independent bases or grounds that could, if meritorious, support the summary judgment dismissing her claims. We must, therefore, affirm

the summary judgment. *See Durham*, 587 S.W.3d at 183. We overrule Meigs's sole issue on appeal.

## CONCLUSION

Having overruled appellant's issue on appeal we affirm the trial court's judgment.

/s/    Jerry Zimmerer
         Justice

Panel consists of Justices Christopher, Wise, and Zimmerer.