# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-25-00411-CV

---

**Turner Solari and Lorenn Solari, Appellants**

**v.**

**Comal Appraisal District and Appraisal Review Board of Comal County, Appellees**

---

**FROM THE 207TH DISTRICT COURT OF COMAL COUNTY**
**NO. C2025-0212B, THE HONORABLE ROBERT UPDEGROVE, JUDGE PRESIDING**

---

### M E M O R A N D U M   O P I N I O N

Turner Solari and Lorenn Solari (collectively, "the Solaris"), sought to exempt from ad valorem taxation two residential lots they own in Comal County. The Comal Appraisal District (CAD) denied the requested exemption. The Solaris protested the denial of the exemption to the Comal County Appraisal Review Board (ARB). *See* Tex. Tax. Code § 41.41(a) (property owner is entitled to protest before appraisal review board action by appraisal district that adversely affects property owner). After the ARB denied the protest, the Solaris, appearing pro se, filed a petition for review in Comal County district court. *See id.* §§ 42.01 (property owner entitled to appeal order of appraisal review board determining property owner's protest); .21 (party must timely file petition for review in district court). In district court, the CAD filed a motion for summary judgment, and the ARB filed a plea to the jurisdiction. The district court granted both motions and rendered judgment dismissing the Solaris' claims against both the

CAD and the ARB. The Solaris, appearing pro se, filed a petition for review. *See id.* § 42.28 (appeal of district court judgment). We will affirm.

**BACKGROUND**

The Solaris own two residential properties in Comal County. In September 2024, the Solaris filed with the CAD applications for an exemption from taxes for the two properties for tax years "2023—in perpetuity." The claimed basis for the exemption was that the Solaris had "land patents" for the two properties which, in their view, exempted them from paying ad valorem taxes.[1] The CAD denied the request for an exemption. The Solaris appealed the denial of the exemption to the ARB. *See id.* § 41.41(a). The ARB upheld the CAD's determination. The Solaris then filed a petition for review in Comal County district court asserting that, because they held "land patents" to the two residential lots, they were exempt from taxation. They also sought a declaration that the ARB's "determination to impose property taxes on land conveyed through a Texas land patent is improper and unsupported by applicable law or evidence" and an injunction prohibiting the ARB or the CAD from "assessing, levying, or collecting property taxes on" their two residential lots. *See id.* §§ 42.01, .21. The ARB filed a plea to the jurisdiction, asserting that the Texas Tax Code expressly provides that a petition for review of a decision of the ARB "may not be brought against the appraisal review board." *Id.* § 42.21(b) (providing that petition for review brought under section 42.01 must be brought against appraisal district and may not be brought against appraisal review board). The CAD filed a motion for summary judgment asserting that, as a matter of law, the Solaris' two residential lots "are

---

[1] Presumably because there is no appraisal district form for applying for a tax exemption based on "land patents," the Solaris used the CAD form titled "Residence Homestead Exemption Application."

2

taxable." After a hearing, the district court granted the ARB's plea to the jurisdiction and the CAD's motion for summary judgment and dismissed the Solaris' claims. The Solaris then perfected this appeal. *See id.* § 42.28 (party may appeal final judgment of district court as provided by law for appeal of civil suits generally).

## DISCUSSION

In their first issue, the Solaris assert that the district court erred by "granting summary judgment in favor of a non-moving, defaulted party, the Appraisal Review Board, which did not file a timely answer, did not file or join any dispositive motion, and did not appear at the hearing." As an initial matter, the district court did not grant summary judgment in the ARB's favor. Nor did the ARB default by failing to timely file an answer. The ARB filed an answer and a plea to the jurisdiction, asserting that the district court lacked jurisdiction over the Solaris' claims against it because the Texas Tax Code expressly provides that a petition for review may not be brought against the ARB. *See id.* § 42.21(b). The district court granted the ARB's plea to the jurisdiction and dismissed the Solaris' claims against it for lack of jurisdiction.

Whether a court has subject-matter jurisdiction is a question of law that is properly asserted in a plea to the jurisdiction. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004). A plea to the jurisdiction often may be determined solely from the pleadings. *See Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554-55 (Tex. 2000) ("A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action without regard to whether the claims asserted have merit."). We review the court's ruling on a plea to the jurisdiction de novo. *Chambers-Liberty Cntys. Navigation Dist. v. State*, 575 S.W.3d 339, 345 (Tex. 2019). The Texas Tax Code affirmatively bars bringing a petition for review

against the ARB. *See* Tex. Tax Code § 42.21(b) ("A petition for review may not be brought against the appraisal review board."). The district court properly granted the ARB's plea to the jurisdiction and dismissed the Solaris' petition for review to the extent it asserted claims against the ARB. We overrule the Solaris' first issue.

In their second issue, the Solaris contend that the district court erred by granting the CAD's motion for summary judgment. They assert that (1) as a matter of law, land conveyed to a private party through a "land patent" with no reservation of the right of taxation is not subject to ad valorem taxation; (2) they presented evidence creating a genuine issue of material fact as to whether they hold title to the two residential lots through "land patents"; and (3) governmental immunity does not shield the CAD or the ARB from this petition for review. We review the granting of a motion for summary judgment de novo.[2]

The Texas Constitution provides, "All real property and tangible personal property in this State, unless exempt as required or permitted by this Constitution, whether owned by natural persons or corporations, other than municipal, shall be taxed in proportion to its value, which shall be ascertained as may be provided by law." Tex. Const. art. VIII, § 1(b); *see Willacy Cnty. Appraisal Dist. v. Sebastian Cotton & Grain, Ltd.*, 555 S.W.3d 29, 42 (Tex. 2018) (stating that property tax liability derives from ownership of property, and person who owns property is generally liable for property taxes assessed on that property); *Jim Wells County v. El Paso Prod. Oil & Gas Co.*, 189 S.W.3d 861, 870 (Tex. App.—Houston [1st Dist.] 2006,

---

[2] The standards for reviewing a summary judgment are well established and undisputed on appeal. *See, e.g., City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005); *see also Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007); *Fort Worth Osteopathic Hosp., Inc. v. Reese*, 148 S.W.3d 94, 99 (Tex. 2004); *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004); *see also* Tex. R. Civ. P. 166a(c). Accordingly, we need not repeat them here.

pet. denied) ("Obligations to pay . . . ad valorem taxes are derived entirely from constitutional and statutory provisions."). The Texas Constitution further provides that the "several counties of the State are authorized to levy ad valorem taxes upon *all* property within their respective boundaries for county purposes . . . ." Tex. Const. art. VIII, §1-a (emphasis added); *see Dallas Cnty. Appraisal Dist. v. L.D. Brinkman & Co. (Tex.)*, 701 S.W.2d 20, 22 (Tex. App.—Dallas 1985, writ ref'd n.r.e.); *see also Avery v. Guadalupe Cnty. Appraisal Dist.*, No. 04-16-00572-CV, 2017 WL 1337640, at *6-7 (Tex. App.—San Antonio Apr. 12, 2017, pet. denied) (mem. op.) (rejecting property owner's challenges to taxing units' lawful authority to impose and collect ad valorem taxes).

These constitutional provisions are codified in the Texas Tax Code. Section 11.01(a) provides that "[a]ll real . . . property that this state has jurisdiction to tax is taxable unless exempt by law." Tex. Tax Code § 11.01(a). Section 11.01(b) provides that "[t]his state has jurisdiction to tax real property if located in this state." *Id.* § 11.01(b); *see L.D. Brinkman*, 701 S.W.2d at 22 (stating that "section 11.01, which defines the state's taxing jurisdiction over real and tangible personal property, also defines the limits of the legitimate power of the State of Texas and its political subdivisions to tax such property."). The Texas Tax Code authorizes the county tax assessor-collector to assess and collect taxes on property located in the county for the county and other taxing units if authorized by law. Tex. Tax Code § 6.23(a). "[S]ubject only to federal limitations and exemptions set forth in the Texas Constitution, the State of Texas, through its political subdivisions, has the power to tax any real and tangible personal private property in the state." *L.D. Brinkman*, 701 S.W.2d at 22. Therefore, subject to the exemptions expressly set forth in Texas Tax Code, *see* Tex. Tax Code §§ 11.11-.38, the taxing units had authority under the Texas Constitution and the Texas Tax Code to tax the subject property.

5

The Solaris maintain that, because they hold their residential lots through "Texas Land Patents" that do not include a reservation of the right of taxation to the State, the residential lots are exempt from ad valorem taxation. This argument, however, confuses Texas's right to maintain an interest in land conveyed to a private individual—such as a public right to access beachfront property—with Texas's sovereign right of taxation. *See Severance v. Patterson*, 370 S.W.3d 705, 717 (Tex. 2012) (observing that State could have, but did not, reserve right of public to use beachfront property when issuing land patent to private individuals); *Graphic Packaging Corp. v. Hegar*, 538 S.W.3d 89, 105 (Tex. 2017) (stating that Texas Constitution "prohibits the surrender of the sovereign tax power"). Assuming, without deciding, that, as they claim, the Solaris hold title to the two residential lots through land patents, the residential lots are still subject to ad valorem taxation under the Texas Tax Code as authorized by the Texas Constitution. A land patent conveys an interest in real property owned by the government to a private citizen. *Marvin M. Brandt Revocable Tr. v. United States*, 572 U.S. 93, 99 (2014) ("A land patent is an official document reflecting a grant by a sovereign that is made public, or 'patent.'"); *Land Patent*, Black's Law Dictionary (9th ed. 2009) ("An instrument by which the government conveys a grant of public land to a private person."). A state does not relinquish its sovereign right of taxation over real property by conveying its interest in the property. *See McGirt v. Oklahoma*, 591 U.S. 894, 907 (2020) ("These patents transferred legal title and are the basis for much of the private land ownership in a number of States today. But no one thinks any of this diminished the United States's claim to sovereignty over the land."); *United States v. Winstar Corp.*, 518 U.S. 839, 874-75 (1996) (stating that "[a]ll public grants are strictly construed," "[n]othing can be taken against the State by presumption or inference," and "neither the right of taxation, nor any other power of sovereignty, will be held . . . to have been

6

surrendered, unless such surrender has been expressed in terms too plain to be mistaken" (citations omitted)); *Graphic Packaging Corp.*, 538 S.W.3d at 105 (stating that Texas Constitution "prohibits the surrender of the sovereign tax power" and "[a] state's sovereign power to tax encompasses not merely whether to tax, but also what to tax" (citing Tex. Const. art. VIII, § 4)). Thus, while a land patent transfers title to the property, it does not impair the county's constitutional authority to levy ad valorem taxes on property within its boundaries. *See* Tex. Const. art. VIII, § 1. Because, as a matter of law, the Solaris' residential lots are subject to ad valorem taxation, the district court properly granted the CAD's motion for summary judgment.[3]

Regarding the Solaris' assertion that governmental immunity does not shield the CAD or the ARB from this petition for review, we note first that the court did not dismiss the petition for review against the CAD on immunity grounds but, rather, granted its motion for summary judgment addressing the merits of the Solaris' claim that their property was not subject to ad valorem taxation. And, as previously explained, the district court properly granted the ARB's plea to the jurisdiction because the Texas Tax Code affirmatively bars bringing a petition for review against the ARB. *See* Tex. Tax. Code § 42.21(b). We overrule the Solaris' second issue.

The Solaris' third issue asserts that the district court failed to comply with Texas Rule of Civil Procedure 166a(c) by "rendering judgment based solely on oral argument" and not considering their filed summary-judgment evidence or their arguments. In their brief, the Solaris

---

[3] Having concluded that land held through land patents is not for that reason alone exempt from ad valorem taxation, we need not address the Solaris' assertion that they presented evidence creating a fact issue as to whether they held the two residential lots through land patents. *See Ford Motor Co.*, 135 S.W.3d at 600 (to defeat summary judgment, non-movant must produce summary judgment evidence raising genuine issue of *material* fact).

7

state that "the trial court granted summary judgment without reviewing [their] filings and instead relied exclusively on unsupported oral argument." The Solaris also claim that the court improperly based its ruling on "oral testimony" rather than "solely on the written record." The record does not support the Solaris' assertions. The CAD filed a motion for summary judgment, accompanied by an affidavit and supporting evidence. *See* Tex. R. Civ. P. 166a(c). The rule expressly contemplates that the motion for summary judgment may be set for a hearing. *Id.* (requiring that motion and supporting affidavits be filed at least twenty-one days before "the time specified for the hearing"). The Solaris filed a response to the summary-judgment motion as permitted by rule 166a(c). At the hearing, both the Solaris and counsel for the CAD and the ARB presented arguments. No witnesses testified and no oral testimony was presented to or considered by the court. After the hearing, the court stated its ruling on the record; i.e., that it was granting the CAD's motion for summary judgment. Thereafter, the court signed a judgment reflecting its ruling. None of the court's actions were inconsistent with the summary-judgment procedures set forth in Texas Rule of Civil Procedure 166a(c). Although the Solaris claim that the judge ignored evidence that created a fact issue regarding their claim to hold title to the two residential lots through land patents, as previously explained, that issue was not material to the disposition of the CAD's summary-judgment motion. We overrule the Solaris' third issue.

In their fourth issue, the Solaris assert that the district court "erred in considering the CAD's immunity defense raised only after discovery and dispositive briefing." As already noted, the district court granted the CAD's motion for summary judgment on the merits; it did not dismiss the Solaris' claims against the CAD based on immunity. To the extent the Solaris are contending that the district court improperly considered the ARB's plea to the jurisdiction, the record reflects that the ARB filed a plea to the jurisdiction with its answer; counsel for the

8

ARB asked the court to rule on the plea at the conclusion of the hearing on the CAD's motion for summary judgment; and the court granted the plea and later signed a judgment reflecting its ruling. We overrule the Solaris' fourth issue.

## CONCLUSION

Having overruled each of the Solaris' issues, we affirm the district court's judgment.

_____

Karin Crump, Justice

Before Chief Justice Byrne, Justices Crump and Ellis

Affirmed

Filed:   June 25, 2026